**UNITED STATES of America, Appellee,**

v.

**John Sam ASLAKSON, Appellant.**

**No. 92–1891.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1992.

Decided Dec. 18, 1992.

Andrea K. George, Minneapolis, MN, for appellant.

Nathan P. Petterson, Minneapolis, MN (Thomas B. Heffelfinger and Nathan P. Petterson, on the brief), for appellee.

PER CURIAM.

John Sam Aslakson appeals the eighty-one month sentence he received following his guilty pleas to conspiring to possess marijuana with intent to distribute, in violation of 21 U.S.C. § 846, and using a firearm in relation to a drug crime, in violation of 18 U.S.C. § 924(c)(1). Aslakson argues that the district court[1] erred in denying his motion for downward departure. We affirm.

Aslakson asserts that prior to sentencing the government refused his offer to cooperate and testify against a codefendant in exchange for a government motion for a substantial assistance downward departure under U.S.S.G. § 5K1.1. At sentencing, Aslakson moved under U.S.S.G. § 5K2.0 for a departure from the Guidelines range of 21 to 27 months for the conspiracy offense, contending that his willingness to cooperate and testify against his codefendant was not adequately rewarded by the recommended two-level reduction under U.S.S.G. § 3E1.1 for acceptance of responsibility. The district court stated, "I'm not going to depart downward based on the facts in this case," and also expressed doubt that it had authority to grant the requested departure absent a government motion under § 5K1.1. On appeal, Aslakson argues that the district court erred in concluding that it lacked authority to depart downward without a government § 5K1.1 motion because he moved for a departure under § 5K2.0 for his extraordinary acceptance of responsibility, not for a departure under § 5K1.1 for substantial assistance. We disagree.

Under the Guidelines, a reduction for acceptance of responsibility serves a different purpose than a downward departure for substantial assistance:

> Substantial assistance is directed to the investigation and prosecution of criminal activities by persons other than the defendant, while acceptance of responsibility is directed to the defendant's affirmative recognition of responsibility for his own conduct.

U.S.S.G. § 5K1.1, comment. (n.2). Here, consistent with his plea agreement, Aslakson received the two level reduction for acceptance of responsibility. However, he rendered no assistance to the prosecutors other than an expressed willingness to testify against a codefendant who had, by that time, pleaded guilty.

In these circumstances, the district court lacked authority to grant a substantial assistance departure under § 5K1.1 without a government motion. *See United States v. Kelley*, 956 F.2d 748 (8th Cir. 1992) (en banc). Although we held in *United States v. Garlich*, 951 F.2d 161, 163 (8th Cir.1991), that the district court had authority to depart under § 5K2.0 for "extraordinary restitution" not adequately addressed by § 3E1.1, *Garlich* is not applicable to a claim of substantial assistance or cooperation with the prosecution. *See Kelley*, 956 F.2d at 752 n. 5. Cooperation with the prosecutors simply cannot be sufficiently extraordinary to warrant a departure under § 5K2.0 absent a government motion under § 5K1.1. Thus, the only time a district court has authority to depart for such cooperation in the absence of a § 5K1.1

1. The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

motion is when "the defendant makes a 'substantial threshold showing' of prosecutorial discrimination or irrational conduct." *United States v. Romsey*, 975 F.2d 556, 558 (8th Cir.1992), quoting from *Wade v. United States*, —— U.S. ——, ——, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992).

Accordingly, the judgment of the district court is affirmed.