994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Ruben Salazar VALADEZ, Appellant.
 No. 92-3776.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 12, 1993.
Filed: May 14, 1993.
 
 Before McMILLIAN and BEAM, Circuit Judges, and HAMILTON,* District Judge.
 PER CURIAM.
 
 
 1
 Ruben Salazar Valadez appeals from a final judgment entered in the District Court[1] for the District of Nebraska sentencing him to twenty-four months imprisonment, 3 years supervised release and a special assessment of $50.00, following his guilty plea to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). For reversal, Valadez argues that the government's refusal to move for a downward departure under U.S.S.G. § 5K1.1, p.s., violated his due process rights and, therefore, that the district court erred in refusing to depart under that Guideline. Valadez also argues that the district court erred in refusing to depart downward under U.S.S.G. § 5K2.0, p.s., for a reason not adequately considered by the Sentencing Commission, namely his substantial assistance. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In addition to the possession charge, Valadez was charged with conspiring to possess with intent to distribute cocaine. After his arrest, he confessed that he had been involved in drug activity, he cooperated with authorities, and he assisted authorities in arresting the individual from whom he had received the cocaine. During plea negotiations, the government indicated to Valadez's counsel that it would be willing to recommend a sentence at the low end of the Guidelines sentencing range, but that it did not believe that Valadez's assistance had been substantial. Valadez never-theless pleaded guilty to possessing cocaine with intent to distribute in exchange for the dismissal of the conspiracy charge.
 
 
 3
 Upon learning that the government would not file a motion for downward departure, Valadez filed such a motion under Guidelines §§ 5K1.1 and 5K2.0. Valadez argued that the undisputed facts of the presentence report demonstrated that he provided substantial assistance to the government, and that the circumstances of his case were not adequately considered by the Sentencing Commission when it adopted the Guidelines. At the sentencing hearing, Valadez's counsel conceded that he did not know why the government refused to file a motion for downward departure and stated that "[i]t would be literally impossible ... for myself or Mr. Valadez to come forward and make a case [that the government] did this on the grounds of race or religion. It would be speculation."
 
 
 4
 The district court denied Valadez's motion for a downward departure. Valadez's base offense level was reduced by three, however, under the amended version of the acceptance-of-responsibility Guideline. See U.S.S.G. § 3E1.1(b) (Nov. 1, 1992). With a total offense level of 17 and a criminal history category of I, Valadez's Guidelines sentencing range was 24 to 30 months. The district court sentenced him to twenty-four months imprisonment and three years supervised release.
 
 
 5
 We conclude the district court properly denied Valadez's motion for a downward departure. Under Guidelines § 5K1.1, a government motion is a requirement for a downward departure based on substantial assistance. United States v. Kelley, 956 F.2d 748, 757 (8th Cir. 1992) (en banc). When the government refuses to file the motion, the sentencing court has authority to review the refusal and to grant a remedy only if the defendant makes a substantial threshold showing that the refusal was based on an unconstitutional motive such as race or religion or was not rationally related to any legitimate government end. United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992) (citing Wade v. United States, 112 S. Ct. 1840, 1843-44 (1992)). Here, Valadez conceded that he could not prove that the government's refusal to file the motion was improperly motivated. Furthermore, we have previously held that cooperation with the government cannot be sufficiently extraordinary to warrant a departure under Guidelines § 5K2.0. United States v. Aslakson, 982 F.2d 283, 284 (8th Cir. 1992) (per curiam), cert. denied, 61 U.S.L.W. 3715 (U.S. Apr. 19, 1993) (No. 92-7951).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri, sitting by designation
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska