998 F.2d 1019
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ramon CHEDIAK-RUIZ, Defendant-Appellant.
 Nos. 93-1309, 93-1329.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1993.
Filed: July 7, 1993.
 
 Appeals from the United States District Court for the Southern District of Iowa.
 S.D.Iowa.
 AFFIRMED.
 Before JOHN R. GIBSON, MAGILL, AND MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ramon Chediak-Ruiz appeals from the twelve and 109-month consecutive sentences imposed on him by the district court[1] following his guilty pleas to failing to appear for court proceedings in violation of 18 U.S.C § 3146(a)(1) (1988), and to conspiring to distribute marijuana in violation of 21 U.S.C. § 846 (1988). He argues that the district court erred in refusing to grant him a two-level reduction for acceptance of responsibility. United States Sentencing Commission, Sentencing Guidelines, § 3E1.1(a) (Nov. 1992). We affirm.
 
 
 2
 On May 15, 1992, Chediak-Ruiz was charged in a ten-count superseding indictment with various drug-trafficking crimes, including conspiracy to distribute marijuana. Chediak-Ruiz was released on bond and failed to appear on August 11, 1992, for a scheduled change-of-plea hearing. He was subsequently arrested and charged in another indictment with additional drug-trafficking crimes and with failing to appear for court proceedings. On October 1, 1992, he pled guilty to the conspiracy charge in the first indictment and to the failure-to-appear charge in the second indictment. The presentence report recommended that because Chediak-Ruiz failed to appear for a scheduled court hearing and because he committed additional drug-trafficking crimes while released on bond, his offense level should be increased by two under U.S.S.G. § 3C1.1 for obstruction of justice, and he should not receive an acceptance-of-responsibility reduction.
 
 
 3
 At the sentencing hearing, Chediak-Ruiz conceded that the two-level increase for obstruction of justice was appropriate; nevertheless, he argued that his case was extraordinary and he should be granted a two-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1, comment. (n.4) (stating that although conduct resulting in an enhancement under section 3C1.1 ordinarily indicates that the defendant has not accepted responsibility, there may be extraordinary cases in which adjustments under sections 3C1.1 and 3E1.1 could apply). Chediak-Ruiz argued that he was entitled to the reduction because he cooperated with authorities at all times (before and after he absconded) and he admitted his conduct.
 
 
 4
 The district court denied the reduction for acceptance of responsibility, stating that although Chediak-Ruiz's cooperation was commendable, it would be more appropriately considered upon a government motion for a reduction of sentence based on substantial assistance. The court also stated that in any event it did not believe his cooperation was sufficiently extraordinary to warrant a reduction for acceptance of responsibility. The court found that the obstruction (failing to appear and engaging in alleged criminal activity) was inconsistent with having fully accepted the error of his ways. The court therefore applied the Guideline's grouping provisions and determined that with an applicable offense level of thirty and a criminal history category of III, the Guidelines mandated a sentencing range of 121 to 151 months. The court sentenced Chediak-Ruiz to 109 months for the conspiracy offense and twelve months for the failure-to-appear offense (a total of 121 months). The court also sentenced him to four years supervised release.
 
 
 5
 Chediak-Ruiz argues on appeal that the district court erred in failing to consider that his cooperation and guilty pleas warranted an acceptance-of-responsibility reduction, and in failing to find that the circumstances of his case were sufficiently extraordinary to justify the reduction despite the increase for obstruction of justice.
 
 
 6
 The district court's determination that Chediak-Ruiz failed to accept responsibility is entitled to great deference, and we may not overturn that determination unless it is clearly erroneous. See United States v. Askew, 958 F.2d 806, 812 (8th Cir. 1992). We conclude the district court did not clearly err.
 
 
 7
 The district court properly observed that Chediak-Ruiz's cooperation with authorities was not a proper basis for awarding the acceptance-of-responsibility reduction. See United States v. Aslakson, 982 F.2d 283, 284-85 (8th Cir. 1992) (per curiam) (holding that a defendant's cooperation with the government is not a proper basis for an acceptance-of-responsibility reduction unless the government moves for a downward departure or the defendant makes a substantial threshold showing of prosecutorial misconduct), cert. denied, 61 U.S.L.W. 3715 (U.S. Apr. 19, 1993). In addition, the district court properly determined that this was not an extraordinary case justifying the reduction. The record shows that Chediak-Ruiz not only violated the terms of his release and failed to appear for a hearing, he also continued to engage in criminal activity. This conduct is inconsistent with his guilty pleas and admissions of wrongful conduct. See United States v. Thomas, No. 92-3215, slip op. (8th Cir. Mar 24, 1993) (per curiam) (affirming the district court's denial of an acceptance-of-responsibility reduction when the defendant continued his criminal activity while he was released on bond); Askew, 958 F.2d at 811-12 (affirming the district court's denial of an acceptance-of-responsibility reduction when the defendant had received an enhancement for obstruction of justice based on his flight during trial, and the district court found no extraordinary circumstances justifying adjustments under either section 3E1.1 or 3C1.1).
 
 
 8
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge United States District Court for the Southern District of Iowa