**UNITED STATES of America, Appellant,**

v.

**Debbie Ann BAKER, Appellee.**

**No. 93–1911.**

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 18, 1993.

Decided Sept. 7, 1993.

Rehearing Denied Oct. 7, 1993.

---

Edward J. Rogers, St. Louis, MO, argued, Stephen B. Higgins and John J. Ware appear on the brief, for appellant.

Brian N. Brown, St. Louis, MO, argued, for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Debbie Ann Baker pled guilty to one count of possession with intent to deliver cocaine. The district court sentenced her to five years of probation, and the government appealed. We reverse and remand for resentencing.

## I.

On March 30, 1992, Baker was arrested at a St. Louis train station in possession of 198 grams of cocaine. On April 9, 1992, a grand jury returned a one-count indictment charging her with possession with intent to deliver cocaine, a violation of 21 U.S.C. §§ 841(a)(1) & 853(a)(1). On June 30, 1992, she agreed in writing to assist the government by providing information about drug trafficking by other persons. On July 6, 1992, she entered her guilty plea. The district court originally scheduled sentencing for September 25, 1992, but continued it four times, usually for the purpose of allowing Baker to complete her assistance.

The presentence report calculated Baker's offense level as 15 and her criminal history category as III, thus resulting in a sentencing range of 24–30 months. At the sentencing hearing on March 15, 1993, Baker moved for a downward departure on the ground that she had provided information to the government. The district court granted the motion and sentenced Baker to five years of probation. In its written judgment, the court stated, in part:

> Pursuant to § 5K2.0, downward departure is warranted because the defendant was required to inform the Government of circumstances involving a close relative, and ... the accusations were well known to many other family members. The familial relationship made it most difficult for the defendant to believe that she had not fulfilled her obligations, even though the Government did not consider her efforts to be meaningful enough to warrant filing of the 5K1.1 motion. The Court finds that, subjectively, the defendant had fulfilled her obligations and was therefore entitled to the 5K1.1.

(Jt.App. at 7.)

## II.

■ To determine whether the district court's departure was proper, we ask (1) whether, as a matter of law, the circumstances relied upon by the district court are sufficiently unusual in kind or degree; (2) whether, as a question of fact, the circumstances justifying the departure actually ex-

ist; and (3) whether the extent of the departure is reasonable. *See United States v. Sweet*, 985 F.2d 443, 445 (8th. Cir.1993).

■ The policy statement on which the district court relied for the downward departure provides, in part:

> [T]he sentencing court may impose a sentence outside the range established by the applicable guideline, if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described."

U.S.S.G. § 5K2.0, p.s. (quoting 18 U.S.C. § 3553(b)). The Sentencing Commission, however, has considered departures based on a defendant's assistance to the government and has provided a means for implementing such departures. *See* U.S.S.G. § 5K1.1, p.s. Departures are permitted under § 5K1.1 if a "defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense." *Id.** Thus, the district court's departure in this case would be permitted by law only if the circumstances concerning Baker's assistance are present in a kind or to a degree that the Sentencing Commission did not contemplate when it promulgated § 5K1.1.

■ Baker argues that her cooperation is unusual because it exposed her to "ostracism" and "suspicion" within her extended family. (*See* Appellee's Br. at 5, AD–3.) The Sentencing Commission, however, has directed courts ruling on § 5K1.1 motions to consider, among other factors, whether a defendant who has assisted the government suffered "injury" or endured "danger or risk of injury." *See* U.S.S.G. § 5K1.1(a)(4), p.s. The repercussions Baker experienced are mild forms of injury or risk of injury and thus were considered by the Sentencing

Commission. Furthermore, Baker's subjective belief that she had complied with the terms of the cooperation agreement is relevant only to the question of whether she did comply, which is merely a factor a district court should consider when determining the extent of a departure under § 5K1.1, *see* U.S.S.G. § 5K1.1(a)(1)–(3), p.s. It is clear that all aspects of Baker's assistance to the government fit squarely within the boundaries of § 5K1.1. Thus, the circumstances of Baker's assistance are not different in "kind" or quality from the circumstances considered by the Sentencing Commission when it promulgated § 5K1.1.

■ The district court's departure also cannot be justified on the ground that circumstances considered by the Sentencing Commission are "present to a degree substantially in excess of that which ordinarily is involved." U.S.S.G. § 5K2.0, p.s. The Sentencing Commission has not placed absolute limits on the extent to which a district court may depart under § 5K1.1. Absent a statutory mandatory minimum sentence, a situation not present in this case, a district court may depart all the way down to a sentence of no imprisonment under § 5K1.1 so long as that departure is "reasonable" in light of the defendant's assistance. *See United States v. Snelling*, 961 F.2d 93, 96–97 (6th Cir.1991); *United States v. Pippin*, 903 F.2d 1478, 1485 (11th Cir.1990); *United States v. Wilson*, 896 F.2d 856, 859–60 (4th Cir.1990); *United States v. Emanuel*, 734 F.Supp. 877, 878–79 (S.D.Iowa 1990). The availability of an unlimited departure proves that § 5K1.1, if it recognizes a defendant's assistance at all, cannot recognize it inadequately. Thus, "[c]ooperation with the prosecutors simply cannot be sufficiently extraordinary to warrant a departure under § 5K2.0...." *United States v. Aslakson*, 982 F.2d 283, 284 (8th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1875, 123 L.Ed.2d 493 (1993). The

---

* A district court may depart pursuant to § 5K1.1, however, only if the government files a motion for departure based upon the defendant's substantial assistance or if the government refuses to file the motion for unconstitutional reasons. *See United States v. Romsey*, 975 F.2d 556, 557–58 (8th Cir.1992) (citing *United States v. Kelley*, 956 F.2d 748 (8th Cir.1992) (en banc), and *Wade v.*

*United States*, —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992)). In this case, the government did not file a § 5K1.1 motion, and Baker has not alleged that the government declined to file a motion for unconstitutional reasons. Thus, the district court's departure was not authorized by § 5K1.1.

circumstances of Baker's assistance are not present, and cannot be present, to a "degree" or a quantity not considered by the Sentencing Commission when it promulgated § 5K1.1.

We hold that the circumstances relied upon by the district court are not sufficiently unusual in kind or degree to permit circumvention of § 5K1.1. We need not determine whether those circumstances actually exist or whether the departure was reasonable.

### III.

We reverse the judgment of the district court and remand for resentencing consistent with this opinion.