16 F.3d 1229
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Daniel James MCFERON, Appellant.
 No. 93-2973.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 9, 1994.
Filed: February 15, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel James McFeron appeals his 210-month sentence imposed by the district court[1] after he pleaded guilty to drug charges. We affirm.
 
 
 2
 McFeron and William John Thomas were charged with conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. Secs. 841(a)(1), (b)(1)(A), and 846. According to the presentence report (PSR), William Thomas moved from California to Iowa and he, with the help of McFeron and Steven Kalb, began ordering ephedrine tablets and chemicals required to make methamphetamine. Thomas told a grand jury that he produced six batches of methamphetamine between 1991 and 1993, and he indicated that McFeron helped him obtain chemicals for the first two batches and helped him produce the last four batches. Thomas sold all the methamphetamine he manufactured to Peter and David Mathews. The PSR noted that five participants were involved in the manufacture of methamphetamine (Thomas, McFeron, Kalb, Debra Petta, and Victoria Lowe). McFeron's PSR indicated a base offense level of 38, a three-level reduction for acceptance of responsibility, a total offense level of 35, and a criminal history category of IV.
 
 
 3
 At the guilty plea hearing, the government stated it would not make a substantial-assistance motion at sentencing under U.S.S.G. Sec. 5K1.1, but it might move for departure under Federal Rule of Criminal Procedure 35 at a future time. McFeron testified that he had transported chemicals for Thomas to make methamphetamine for distribution, and he helped cook two batches.
 
 
 4
 At sentencing, McFeron argued that he deserved a reduction in his base offense level for his mitigating role in the offense. McFeron also argued that he was similarly situated to Thomas insofar as they each had the same base offense level, but that-despite Thomas's greater culpability-Thomas's cooperation had produced better results for the government based on his greater contacts. He noted Thomas had received a sentence based on a government departure motion that was lower than McFeron's Guideline range, and argued the court should consider this unfair disparity in determining his eligibility for a mitigating-role reduction.
 
 
 5
 The court determined McFeron did not qualify for a mitigating-role adjustment under U.S.S.G. Sec. 3B1.2, noting that McFeron was involved in cooking and distributing the methamphetamine, and that he knew how much methamphetamine was being distributed. The court concluded that McFeron was perhaps not as culpable as the Mathews brothers, but was more culpable than others involved. McFeron moved for a departure under U.S.S.G.Sec. 4A1.3, p.s., arguing that his criminal history category overrepresented the seriousness of his criminal history. He also moved for downward departure under U.S.S.G. Sec. 5K2.0, p.s., both for a "lack of proportionality" in sentencing (Thomas's lower sentence despite his greater culpability), and for the "totality" of the unusual circumstances (McFeron's cooperation and lesser culpability, and the government's failure to make a substantial assistance motion).
 
 
 6
 The court granted the section 4A1.3 motion and reduced McFeron's criminal history category to III, which reduced his Guideline range to 210 to 262 months. The court denied the other motions for downward departure, concluding that, if it sentenced McFeron in proportion to Thomas who earned a substantial-assistance motion, the court would effectively grant McFeron a substantial-assistance motion. The court stated that it knew it had authority to depart for lesser culpability, or for an extraordinary totality of circumstances, but it declined to do so. It thus sentenced McFeron to 210 months imprisonment, five years supervised release, and a $3000 fine.
 
 
 7
 On appeal, McFeron argues the district court erred in failing to depart based on the grounds he presented at sentencing. He also argues the district court erred in finding he was not entitled to a section 3B1.2 reduction for his minor or minimal role.
 
 
 8
 We have consistently held that a district court's discretionary refusal to depart downward is not reviewable. United States v. Johnston, 973 F.2d 611, 614 (8th Cir. 1992), cert. denied, 113 S. Ct. 1019 (1993); United States v. Evidente, 894 F.2d 1000, 1003-04 (8th Cir.), cert. denied, 495 U.S. 922 (1990). Here, the district court specifically exercised its discretion not to depart for lesser culpability or for a "totality" of extraordinary circumstances. The district court did not err in refusing to depart based on the alleged lack of proportionality. The court concluded that Thomas and McFeron were not similarly situated because Thomas had earned a substantial-assistance motion. We agree with the court's characterization of McFeron's proportionality argument as an attempt to avoid the requirement of a government motion to depart for substantial assistance. See United States v. Baker, 4 F.3d 622, 624 (8th Cir. 1993) (" '[c]ooperation with the prosecutors simply cannot be sufficiently extraordinary to warrant a departure under Sec. 5K2.0' ") (quoting United States v. Aslakson, 982 F.2d 283, 284 (8th Cir. 1992) (per curiam), cert. denied, 113 S. Ct. 1875 (1993)).
 
 
 9
 The Guidelines provide for a two to four level decrease in offense level if a defendant is a minor or minimal participant. U.S.S.G. Sec. 3B1.2. We review for clear error a district court's determination whether a defendant qualifies for a reduction in his offense level. United States v. Harry, 960 F.2d 51, 53 (8th Cir. 1992). McFeron's contention that he was less culpable than Thomas ignores the district court's findings that McFeron was involved with cooking and distributing the methamphetamine, that he knew how much methamphetamine was being distributed, and that he was more culpable than other co-conspirators. We conclude the court's refusal to grant the reduction was not clearly erroneous.
 
 
 10
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa