108 F.3d 1381
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
John Sam ASLAKSON, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 96-2057.
 United States Court of Appeals, Eighth Circuit.
 Submitted March 4, 1997.
Filed March 7, 1997.
 
 Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Sam Aslakson pleaded guilty to conspiring to possess marijuana with intent to distribute, and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 924(c)(1). The section 924(c) conviction was based on a .25 caliber handgun hidden in Aslakson's boot during a drug sale. On direct appeal, Aslakson argued only for a downward departure; we affirmed his sentence. See United States v. Aslakson, 982 F.2d 283 (8th Cir.1992) (per curiam), cert. denied, 507 U.S. 1041 (1993). Aslakson later filed this 28 U.S.C. § 2255 motion, arguing that his section 924(c) conviction was invalid under Bailey v. United States, 116 S.Ct. 501 (1995). The district court[1] denied relief, and Aslakson appeals.
 
 
 2
 Upon a de novo review of the record, we conclude Aslakson is not entitled to relief. See United States v. Duke, 50 F.3d 571, 576 (8th Cir.) (standard of review), cert. denied, 116 S.Ct. 224 (1995). Aslakson waived and defaulted his Bailey claim by pleading guilty and appealing only his sentence. See Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir.1996). Moreover, his claim is without merit because he clearly carried a firearm during a drug offense. See Bailey, 116 S.Ct. at 507 (firearm carried when offender keeps gun hidden in clothing throughout drug transaction); United States v. White, 81 F.3d 80, 83 (8th Cir.1996) ("carry" means to bear firearm on or about one's person).
 
 
 3
 Accordingly, we affirm. Aslakson's motion for release is denied.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota