# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2250

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Camila Chavez, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: January 9, 2001

Filed: January 19, 2001

_____

Before RICHARD S. ARNOLD, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Camila Chavez pleaded guilty to conspiracy to distribute and possession with intent to distribute more than five kilograms of cocaine. See 21 U.S.C. § 841(a)(1), 846. Chavez faced a U.S. Sentencing Guidelines (U.S.S.G.) range of 120 to 135 months, and a statutory minimum sentence of ten years, see 21 U.S.C. § 841(b)(1)(A). Before sentencing, Chavez filed a motion for a downward departure arguing she tried to cooperate with the Government and had given the names of two drug contacts, but the Government did not file a substantial assistance motion. At sentencing, the district court granted the departure because of Chavez's "language barrier" and her willingness

to cooperate.  The district court sentenced Chavez to time served, about ten months. The Government appeals, arguing the district court abused its discretion in departing downward from the mandatory minimum sentence without a Government motion for substantial assistance.

"Upon motion of the Government," a district court has authority to impose a sentence below a statutory minimum sentence, 18 U.S.C. § 3553(e), and to depart from the sentence prescribed by the U.S. Sentencing Guidelines, U.S.S.G. § 5K1.1, to reflect a defendant's "substantial assistance in the investigation or prosecution of another person who has committed an offense."  Without a Government motion, a district court cannot depart based on substantial assistance below the statutory minimum sentence or the Guidelines range, unless the Government's refusal to file the motion was irrational, in bad faith, or based on an unconstitutional motive.  See United States v. Rodriguez-Morales, 958 F.2d 1441, 1443-44 (8th Cir. 1992).  Chavez did not argue and the district court did not find the Government acted improperly in refusing to file a departure motion, however.

Under 18 U.S.C. § 3553(b) and its Guidelines equivalent, U.S.S.G. § 5K2.0, a district court may impose a sentence below the Guidelines range if the court finds a "mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines."  In this case, Chavez did not show and the district court did not find her circumstances warranted a departure under § 5K2.0.  Indeed, we have expressly held a district court may not depart downward under § 5K2.0 on the basis of a defendant's cooperation, in a veiled attempt to circumvent the need for a Government departure motion.  See United States v. Aslakson, 982 F.2d 283, 284 (8th Cir. 1992) (per curiam).

The district court also declared it was departing downward because Chavez may have been confused since she speaks only Spanish and because her confusion may have prevented her from cooperating with authorities.  The facts indicate otherwise.  A fluent

Spanish speaking agent spoke with Chavez and made her rights known to her at the bus station where she was arrested. Further, Chavez was given an opportunity to cooperate with law enforcement after her indictment about a month later, and she refused.

We conclude the district court lacked authority to depart under § 3553(e), § 5K1.1, or § 5K2.0. We thus reverse and remand for resentencing consistent with this opinion. On remand, the district court may consider whether Chavez is eligible for relief from the statutory minimum sentence under the "safety valve," 18 U.S.C. § 3553(f).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.