**UNITED STATES of America**

v.

**Johnny D. FOWLKES**

**No. 4:01CR000163–01 GH.**

United States District Court, E.D. Arkansas, Western Division.

Jan. 18, 2002.

Sandra Wilson Cherry, Assistant United States Attorney, Eastern District of Arkansas, Little Rock, AR, for Plaintiff.

Edgar R. Thompson, Austin, AR, for Defendant.

## MEMORANDUM OPINION AND ORDER

GEORGE HOWARD, JR., District Judge.

Johnny D. Fowlkes (defendant) was charged in a one-count Information with mail fraud, a violation of 18 U.S.C. § 1341. The statute provides, in material part, that the sanctions to be imposed for a violation of the measure "... shall be fined under this title or imprisoned not more than five years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." On August 30, 2001, defendant entered a plea of guilty to the charge.

The Presentence Investigation Report provided, among other things, that the total offense level was 10, the criminal history category as I and the guideline range of incarceration is 6 to 12 months. The Report further provided: "Probation is not authorized when the offense of conviction is a class B felony (U.S.S.G. § 5B1.1 [b][1] )." Section 5B1.1 [b][1] provides: "A sentence of probation may not be imposed in the event: (1) the offense of conviction is a Class A or B felony, 18 U.S.C. § 3561(a)(1) [.]"

On December 13, 2001, the Court held a sentencing hearing. During the hearing, the Government filed a motion for a downward departure pursuant to section 5K1.1 of the Sentencing Guidelines stating, in part:

3. The United States requests that the Defendant be granted a 50 percent reduction of the Guideline range of six to

twelve months as determined by in the Pre–Sentence Report.

4. The defendant's prompt cooperation and extensive statement given to federal agents will enable the United States to prosecute a least two other individuals for the conspiracy to which the defendant has pled guilty.

5. Defendant Fowlkes has provided substantial evidence against individuals who were superior to him in the company, enabling government investigator to move up the ladder of the participants in the scheme which reached into the management level of the company. The evidence which the defendant provided proved to be truthful, complete, and reliable in all respects and was both significant and useful to future prosecutions.

6. Further, the defendant has testified before the Federal Grand Jury in this matter.

7. Additionally, defendant Fowlkes has agree to continue to cooperate and to testify when called upon in further proceedings.

The Court was persuaded that the defendant had provided substantial assistance to the Government in an on going investigation and prosecution of former companions and associates and granted the Government's motion for a downward departure. Accordingly, the Court placed defendant on probation for three years with the special conditions of one day imprisonment, which was credited for the time defendant had served, and three months home detention.

This memorandum is being entered as a supplement to the Court's bench ruling in order to address further the assertion in the Presentence Report that probation is not authorized when the offense of conviction is a class B felony.

The Court is of the view that the Court may impose a term of probation given the circumstances in this proceeding as long as the sentence is "reasonable." See: *United States v. Baker*, 4 F.3d 622 (8th Cir.1993); *United States v. Daiagi*, 892 F.2d 31 (4th Cir.1989).

In *Baker*, supra, the Eighth Circuit made the following observation:

The Sentencing Commission has not placed absolute limits on the extent to which a district court may depart under § 5K1.1. Absent a statutory mandatory minimum sentence, a situation not present in this case, a district court may depart all the way down to a sentence of no imprisonment under § 5K1.1 so long as the departure is "reasonable" in light of the defendant's assistance.

In *Daiagi*, supra, the Fourth Circuit made the following relevant comment:

We first address the defendant's contention that the sentencing court possessed the authority to impose probation as a sentence in this case. The issue is whether 18 U.S.C. § 3561(a)(1) ... is limited in part by Section 3553(e) .... Section 3553(e) was intended by Congress to provide an incentive to defendants to furnish assistance to law enforcement official by moderating the rigorous inflexibility of mandatory sentences where the offender had rendered substantial assistance to the Government. To this end, the district judge was given the power, on motion of the Government attesting to the defendant's assistance, to 'impose a sentence below a level established by statute as a minimum sentence ....' The Sentencing Commission in turn, in Application Note 1 to § 5K1.1, has stated that '[u]nder circumstances set forth in 18 U.S.C. § 3553(e) and 28 U.S.C. § 994(n), as amended, substantial assistance in the investigation or prosecution of another

person who has committed an offense may justify a sentence below a statutorily required minimum sentence.' The Commission, however, has avoided deciding whether the prohibition against probation in Class A and B felony offenses under Section 3561(a)(1) should be treated in the same manner as a mandatory minimum term of imprisonment and subject to the later provisions of Section 3553(e). It declared that such a question was on that 'may have to be addressed by the courts.'

As we view Section 3553(e), there is no logical distinction between the two situations, i.e., between the mandatory minimum sentence and the prohibition against probation.. The statute was intended to free the sentencing judge to exercise, on motion of the government, a prudent discretion by disregarding, where there has been substantial governmental assistance by the defendant, both the affirmative mandate to impose a minimum prison sentence and the negative mandate of Section 3561(a)(1) not to grant probation to a Class A or a Class B offender. Under this reconciliation of the two statutes, the ban on probation in sentencing in Class A and Class B cases is maintained save in the rare case where the assistance of the defendant has been sufficiently substantial that the Government determines to move the sentencing court to impose a sentence below the statute's minimum or without the prohibition on a probationary sentence. We accordingly conclude that the district judge could have granted probation in this case.

In conclusion, inasmuch as the Government moved for a downward departure and given the circumstances in this proceeding, the Court is persuaded that the Court possessed the discretion to place defendant on probation.