# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1305
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Sam McDonald, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 12, 2002

Filed: August 15, 2002

_____

Before MORRIS SHEPPARD ARNOLD, HEANEY and MURPHY, Circuit Judges.

_____

HEANEY, Circuit Judge.

Sam McDonald appeals the fifteen-month sentence he received following his guilty plea to manufacturing counterfeit currency in violation of 18 U.S.C. § 471. McDonald argues that the district court[1] erred in denying his motion for a downward departure. We affirm.

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

On July 18, 2001, McDonald and co-defendants Mary Vandivier and Kristina Taylor were charged with several counterfeiting violations. McDonald was arraigned on August 9, 2001, and on September 26, 2001, he entered a guilty plea to manufacturing counterfeit currency. Prior to sentencing, McDonald gave notice of his intention to file a request for a downward departure under United States Sentencing Commission, Guidelines Manual (USSG) § 5K2.0. The district court found it had no authority to grant McDonald's request absent a government motion, and sentenced McDonald to serve fifteen months of imprisonment and three years of supervised release, and pay $900.00 in restitution. McDonald asserts that he was entitled to a downward departure because at the time of his arrest he disclosed information that led to the arrest and prosecution of Vandivier and Taylor.[2]

We review the district court's application of the sentencing guidelines de novo. United States v. Hetherington, 256 F.3d 788, 796 (8th Cir. 2001). Under § 5K2.0, a departure may be granted where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . ." USSG § 5K2.0 (quoting 18 U.S.C. § 3553(b) (2000)). The Sentencing Commission, however, has considered departures based on a defendant's assistance to the government and has provided USSG § 5K1.1 as a means for implementing such departures. United States. v. Baker, 4 F.3d 622, 624 (8th Cir. 1993).

Absent a motion by the government pursuant to § 5K1.1, "a district court generally lacks the authority to grant a downward departure based on a defendant's

[2]When McDonald was arrested, he admitted that he produced counterfeit money, and that he gave several counterfeit bills to Vandivier. The police then interviewed Vandivier, who admitted that she and Taylor passed the bills at several businesses. Because of McDonald's admission, the district court granted him a reduction of two levels for acceptance of responsibility, pursuant to USSG § 3E1.1, at the time of sentencing.

substantial assistance." United States v. Wolf, 270 F.3d 1188, 1190 (8th Cir. 2001) (citations omitted); United States v. Aslakson, 982 F.2d 283, 284 (8th Cir. 1992) ("Cooperation with prosecutors simply cannot be sufficiently extraordinary to warrant a departure under § 5K2.0 absent a government motion under § 5K1.1"). "[T]he only time the district court has the authority to depart for such cooperation . . . is when 'the defendant makes a 'substantial threshold showing' of prosecutorial discrimination or irrational conduct.'" Aslakson, 982 F.2d at 284-85 (citations omitted). In the present case, McDonald's statements to authorities constituted "assistance in the investigation or prosecution of another person who has committed an offense," USSG § 5K1.1, yet McDonald has failed to demonstrate that the prosecution acted in a discriminatory or irrational manner when it refused to file a substantial assistance motion. Accordingly, McDonald was not entitled to a downward departure. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.