UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas L. ROMSEY, Defendant–
Appellant.

No. 91–3204.

United States Court of Appeals,
Eighth Circuit.

Submitted March 9, 1992.

Decided Sept. 22, 1992.

Robert E. Walker, Fort Dodge, Iowa, for defendant-appellant.

Steven M. Colloton, Asst. U.S. Atty., Cedar Rapids, Iowa, for plaintiff-appellee.

Before JOHN R. GIBSON, Circuit Judge, LAY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Thomas L. Romsey appeals the 108–month sentence he received after pleading guilty to a substantive drug count and a conspiracy count in violation of 18 U.S.C. §§ 2, 371, 1956(a)(2)(A), and 21 U.S.C. §§ 841(a)(1), 846. Romsey contends that the district court[1] erred in denying him a

---

1. The HONORABLE DAVID R. HANSEN, formerly United States District Judge for the Northern District of Iowa, now Circuit Judge

downward departure from his Sentencing Guidelines range because the government declined to make a substantial assistance motion under U.S.S.G. § 5K1.1. Applying the recent decisions in *United States v. Kelley,* 956 F.2d 748 (8th Cir.1992) (en banc), and *Wade v. United States,* — U.S. —, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), we affirm.

In the October 31, 1990, plea agreement, Romsey pledged "to fully and completely cooperate" in the government's investigation of drug trafficking, and the government agreed to drop several pending charges. The agreement further provided:

> At or before the time of sentencing, the United States will advise the Court of any "substantial assistance" provided by Mr. Romsey in the ongoing investigation into the use, possession, and trafficking of controlled substances and related criminal activity within the Northern District of Iowa and elsewhere, or in the prosecution of another person who has committed a criminal offense. The United States may, but shall not be required to, make a motion requesting the court to depart from the sentencing range called for by the guidelines. This decision shall be in the sole discretion of the United States Attorney.

At Romsey's August 1991 sentencing hearing, the Assistant United States Attorney acknowledged that Romsey had cooperated and recommended a sentence near the bottom of Romsey's Guidelines range of 108–135 months. However, the government declined to make a § 5K1.1 motion for departure below that range and also declined to put on the record its reasons for not making the motion. The district court then denied Romsey's motion for a downward departure, concluding that it had no power to grant a departure for substantial assistance absent a § 5K1.1 motion by the government. The court sentenced Romsey to 108 months, the Guidelines range minimum, noting that Romsey's "cooperation with the government extends beyond the two level decrease for acceptance of responsibility."

for the United States Court of Appeals for the

On appeal, Romsey argues that the district court should have exercised discretion to consider granting him a substantial assistance downward departure despite the absence of a government motion. Although that was a highly controversial and open issue at the time of Romsey's sentencing, this case ends amid far less legal uncertainty than it began.

Section § 5K1.1 of the Guidelines provides:

> Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

In *Kelley,* we held that, except possibly in an "egregious case," this policy statement requires a motion by the government before the sentencing court may grant a downward departure for substantial assistance. 956 F.2d at 755–57. Then, in *Wade,* the Supreme Court narrowly defined this "egregious case" exception:

> Because we see no reason why courts should treat a prosecutor's refusal to file a substantial-assistance motion differently from a prosecutor's other decisions, see, *e.g., Wayte v. United States,* 470 U.S. 598, 608–609 [105 S.Ct. 1524, 1531, 84 L.Ed.2d 547] (1985), we hold that federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion.
>
> \*   \*   \*   \*   \*   \*
>
> As the Government concedes, Wade would [also] be entitled to relief if the prosecutor's refusal to move was not rationally related to any legitimate Government end. . . .

— U.S. at —, 112 S.Ct. at 1843–44.

■ Under *Wade* and *Wayte,* a prosecutor's discretionary decision may be chal-

Eighth Circuit.

lenged only if the defendant makes a "substantial threshold showing" of prosecutorial discrimination or irrational conduct. *Wade,* — U.S. at ——, 112 S.Ct. at 1844; *Wayte,* 470 U.S. at 608–09, 105 S.Ct. at 1531. *See United States v. Jacob,* 781 F.2d 643, 646–47 (8th Cir.1986). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade,* — U.S. at ——, 112 S.Ct. at 1844.

█ Like the petitioner in *Wade,* Romsey "has never alleged, much less claimed to have evidence tending to show, that the government refused to file a motion for suspect reasons." — U.S. at ——, 112 S.Ct. at 1844. In arguing for a downward departure, Romsey has focused exclusively upon the quality of his assistance. Thus, the record reveals no grounds for a claim that the government's refusal to move was "deliberately based upon an unjustifiable standard such as race, religion, or arbitrary classification." *Oyler v. Boles,* 368 U.S. 448, 456, 82 S.Ct. 501, 506, 7 L.Ed.2d 446 (1962).

█ Romsey's bare assertion that the United States Attorney "has an arbitrary policy against making motions for substantial assistance" fails to raise a genuine issue that the decision in his case was not rationally related to a legitimate government interest. As the Supreme Court commented in *Wade,* — U.S. at ——, 112 S.Ct. at 1844, "[t]he Government's decision not to move may have been based ... simply on its rational assessment of the cost and benefit that would flow from moving." Unless a defendant can make a "substantial threshold showing" of a constitutionally impermissible motive, he is not entitled to discovery or a hearing on why the prose-

cutor declined to make a downward departure motion.[2]

█ Because Romsey's carefully-worded plea agreement preserved the government's discretion not to file a substantial assistance motion, because a downward departure for substantial assistance requires a government motion, and because Romsey has made no substantial threshold showing that the prosecutor's refusal to bring that motion was based upon a constitutionally impermissible motive, the district court properly denied Romsey's downward departure motion.

The judgment of the district court is affirmed.

---

**2.** We are mindful in this regard that the prosecutor's election not to exercise the discretion to file a § 5K1.1 motion "does nothing except expose the defendant to the punishment the Sentencing Commission thought appropriate for his offense and criminal history." *United States v. Smith,* 953 F.2d 1060, 1065 (7th Cir.1991).