12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Gregory Arnette BREWER, Appellant.
 No. 93-2042.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 24, 1993.
Filed: December 8, 1993.
 
 Appeal from the United States District Court for the Western District of Arkansas.
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory Arnette Brewer appeals the district court's[1] denial of his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Brewer pleaded guilty to bank robbery, in violation of 18 U.S.C. Sec. 2113(a). At the August 1990 sentencing, defense counsel informed the court that Brewer had cooperated with FBI agent Paul Shannon, providing information on crime in Dallas, Texas. The government did not move for a downward departure under U.S.S.G. Sec. 5K1.1, p.s., but stated that Brewer had provided information to the FBI. The court[2] sentenced Brewer to 75 months imprisonment.
 
 
 3
 Brewer appealed, arguing the court erred in not giving him a two-level reduction for acceptance of responsibility. We held he had waived this argument because he did not ask the sentencing court for the reduction, and further noted, "[i]n any event, we conclude the district court's failure to grant the reduction was not an abuse of discretion." United States v. Brewer, No. 90-2726, slip op. at 2 (8th Cir. Mar. 21, 1991) (unpublished per curiam).
 
 
 4
 Brewer then filed this section 2255 motion, claiming the sentencing court erred in not granting him an acceptance of responsibility reduction, and his counsel was ineffective in failing to request one. Brewer further argued that a hearing should be held to inquire why the government did not file a section 5K1.1 motion. According to the magistrate judge's report, Brewer testified at an evidentiary hearing that trial counsel told him he would get an acceptance of responsibility reduction if he pleaded guilty. Counsel testified he had never assured Brewer he would get such a reduction, and he did not think the facts justified one. Agent Shannon also testified. The magistrate judge recommended denying Brewer's section 2255 motion. Neither party objected, and the district court adopted the recommendation.
 
 
 5
 On appeal, Brewer argues that counsel's conduct fell below reasonable competence because he failed to request the two-point reduction at sentencing. He argues the government acted in bad faith in declining to move for downward departure, and the district court abused its discretion in failing to hold a U.S.S.G. Sec. 6A1.3 hearing to determine whether the government acted in bad faith.
 
 
 6
 Counsel is ineffective if "representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984)). A claim of ineffective assistance must entail both deficient performance and prejudice. Lockhart v. Fretwell, 113 S. Ct. 838, 842 (1993).
 
 
 7
 At the time Brewer was sentenced, the Guidelines provided for a two-level reduction for acceptance of responsibility, but stated that "[a] defendant who enters a guilty plea is not entitled to a sentencing reduction under this section as a matter of right." U.S.S.G. Sec. 3E1.1(a) & (b) (1989). The commentary provided that, while a "guilty plea may provide some evidence of the defendant's acceptance of responsibility[,] ... it does not, by itself, entitle a defendant to a reduced sentence under this section." Section 3E1.1, comment. (n.3). The provisions on acceptance of responsibility have since become less stringent. See U.S.S.G. Sec. 3E1.1 & commentary (1992). In light of this, counsel's failure to object to the probation officer's recommendation against an acceptance of responsibility reduction was not objectively unreasonable. Counsel testified at the hearing that he did not believe the facts warranted such a reduction, and we held the court did not abuse its discretion in failing to grant the reduction.
 
 
 8
 Brewer's counsel asked the government to move for a downward departure, and the government declined to do so. A district court may depart downward for substantial assistance without a government motion only when "the defendant makes a 'substantial threshold showing' of prosecutorial discrimination or irrational conduct." United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992) (quoting Wade v. United States, 112 S. Ct. 1840, 1844 (1992). A defendant is not entitled to a remedy or even a hearing based merely on a claim that he provided substantial assistance or made "additional but generalized allegations of improper motive." Wade, 112 S. Ct. at 1844. Shannon testified he could not use Brewer's information, and evidence shows Brewer refuted information he gave to Shannon. Brewer produced no evidence of improper motive by the government. We conclude his other arguments are without merit.
 
 
 9
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable H. Franklin Waters, Chief Judge, United States District Court for the Western District of Arkansas, adopting the report and recommendations of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas
 
 
 [2]
 The Honorable Oren Harris, Senior United States District Judge for the Western District of Arkansas