**UNITED STATES of America, Appellee,**

v.

**Lershawn Vincent KELLY, Appellant.**

**No. 93–2202.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 13, 1993.

Decided March 11, 1994.

Counsel who presented argument on behalf of the appellant was Virginia Villa of Minneapolis, MN.

Counsel who presented argument on behalf of the appellee was Jeffrey Paulsen, Assistant U.S. Attorney, of Minneapolis, MN.

***

Before LOKEN, Circuit Judge, CAMPBELL,* Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Lershawn Vincent Kelly appeals the district court's[1] denial of his motions for a downward departure and to withdraw his guilty plea. Kelly moved for a downward departure from the mandatory minimum 20-year sentence applicable to him, contending that the government breached the written plea agreement by refusing to so move in spite of Kelly's assertion that he fully cooperated to the best of his ability in accordance with the agreement. To remedy the alleged breach, Kelly seeks resentencing with an order from this court compelling a government motion for downward departure as specific performance of the agreement. In the alternative, Kelly seeks to withdraw his guilty plea because the government failed to comply with the terms of the plea agreement. We affirm the district court's denial of Kelly's motions.

## I.

Kelly was present when police officers executed a search warrant for the apartment where he was living, which the police had obtained in relation to charges against a prior occupant. During the search, officers found 64 grams of cocaine base hidden in a false-bottom can in a closet. They also found other drug paraphernalia and a number of firearms. In Kelly's bedroom, officers found $6,395 in cash, a loaded rifle, an unloaded semi-automatic handgun, and ammunition located nearby. The officers arrested Kelly, and he eventually admitted to having sold crack cocaine for the last two years. The government charged Kelly with possessing cocaine base with intent to deliver and with being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a); 18 U.S.C. § 922(g)(1).

Kelly originally pled not guilty to the charges and proceeded to trial. Prior to trial, the government filed a sentencing en-

***

* The HONORABLE LEVIN H. CAMPBELL, Senior United States Circuit Judge for the First Circuit, sitting by designation.

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

hancement information setting forth one of Kelly's prior felony drug convictions, which meant that Kelly faced a mandatory minimum sentence of 20 years of imprisonment.[2] 21 U.S.C. § 841(b)(1)(A). Following selection of the jury, Kelly decided to change his plea. Kelly pled guilty to both counts of the indictment and entered into a plea agreement wherein he promised to cooperate with the government in exchange for the government's conditional promise to move for a downward departure below the mandatory minimum 20–year sentence. Paragraph three of the plea agreement contains the following language:

> There is no agreement regarding the sentence the Court may impose. There is no agreement as to fine, costs, or supervised release. The defendant has agreed to cooperate with law enforcement authorities in the investigation and prosecution of other suspects. This cooperation includes, but is not limited to, being debriefed by law enforcement agents, submitting to a polygraph examination if the government deems it appropriate, and testifying at any trial or other proceeding involving such suspects. If the defendant cooperates fully and truthfully as required by this agreement, the government will, at the time of sentencing, move for a downward departure below the 20–year mandatory minimum pursuant to 18 U.S.C. § 3553(e) and Guideline Section 5K1.1. The government also agrees to make the full extent of the defendant's cooperation known to the Court. The defendant understands that the government, not the Court, will decide whether the defendant has cooperated sufficiently to warrant a motion for downward departure. The defendant also understands that there is no guarantee that the Court will grant any such motion for a downward departure. In the event the Court does not grant such a motion, the defendant may not withdraw his plea based upon that ground.

(R. at 11–12, ¶ 3.) The plea agreement also stipulates that "a 20–year mandatory minimum penalty applies due to the defendant's prior felony drug conviction absent a downward departure for substantial assistance." (R. at 14, ¶ 12.) At the plea hearing, the district court discussed the entire agreement in detail, and Kelly indicated that he understood the agreement and the cooperation provisions.

Prior to sentencing, it became apparent that the government had decided not to move for a departure below the statutory minimum. At the sentencing hearing, the government explained that it had given Kelly several opportunities to cooperate but that substantial assistance was not forthcoming, and therefore, the government could not in good faith move for a downward departure. (Sent. Tr. at 17–18, April 27, 1993.)

Since the government refused to move for a downward departure, Kelly made the motion himself seeking a departure pursuant to 18 U.S.C. section 3553(e) and U.S.S.G. section 5K1.1. Kelly stated that he had "cooperated" to the best of his ability and that the motion should not be withheld simply because the government decided he had not substantially assisted in any other prosecution. In the alternative, Kelly moved to withdraw his guilty plea. The district court determined that the applicable Guidelines sentencing range was between 188 and 235 months but that Kelly was subject to a mandatory minimum 20–year sentence (Sent. Tr. at 20, Apr. 27, 1993) from which the court could not depart absent a government motion pursuant to section 3553(e) (*see id.* at 18–19). Accordingly, the district court denied both of Kelly's motions and sentenced Kelly to the mandatory minimum of 20 years of imprisonment. Kelly appeals.

## II.

■ On appeal, Kelly argues that the government breached the terms of the written plea agreement by refusing to move for a downward departure. When the government fails to fulfill the terms of a plea agreement, an unsatisfied defendant may seek specific performance or may seek to withdraw his

---

**2.** Kelly actually had two prior felony drug convictions. Had the government elected to list both in the sentencing enhancement information, Kelly would have been subject to a mandatory life sentence. *See* 21 U.S.C. § 841(b)(1)(A).

plea. *See Santobello v. New York*, 404 U.S. 257, 262–63, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971); *United States v. Coleman*, 895 F.2d 501, 505 (8th Cir.1990). "[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello*, 404 U.S. at 262, 92 S.Ct. at 499. An express promise to file a motion for downward departure under 18 U.S.C. section 3553(e) or section 5K1.1 of the United States Sentencing Commission, *Guidelines Manual* (U.S.S.G.), would be binding on the government. *See Coleman*, 895 F.2d at 506.

We have said that contract law is not controlling in the context of a plea agreement, but "[c]ontract principles often provide a useful means by which to analyze the enforceability of plea agreements and ensure the defendant what is reasonably due him in the circumstances." *United States v. McGovern*, 822 F.2d 739, 743 (8th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 377 (1987); *see United States v. Vogt*, 901 F.2d 100, 102 (8th Cir.1990). The contract analogy works well in the usual situation, such as this, where the government and the defendant enter into a written plea agreement that calls for some future action on the part of either the defendant or the government. When a dispute later arises over whether the parties performed pursuant to the agreed-upon terms, the court looks to familiar contract principles and gives effect to the intent of the parties as expressed in the plain language of the agreement when viewed as a whole. If the plain language is ambiguous, the district court must determine what the parties intended by the language used.

In interpreting the plea agreement, Kelly would have us draw a distinction between "cooperation" as used in the agreement and "substantial assistance" as used in 18 U.S.C. section 3553(e) and U.S.S.G. section 5K1.1. Kelly argues that the plea agreement required only "cooperation" as specifically defined in the agreement and not the "substantial assistance" which is statutorily required before a court can grant a downward-departure motion. *See* 18 U.S.C. § 3553(e); 28 U.S.C. § 994(n). We find that Kelly's narrow and restrictive reading of the cooperation requirement is simply not supported by the language used in the plea agreement, viewed as a whole.

The plea agreement specifically states that "cooperation includes, *but is not limited to*" being debriefed, submitting to polygraphs, and testifying (hereinafter "the cooperation phrase"). (R. at 11, ¶ 3 (emphasis added).) This phrase does not limit the definition of "cooperation" to the acts enumerated as Kelly contends. By the express language of the cooperation phrase, the enumerated acts are a nonexhaustive list illustrating some, but not all, of the acts that might be required as "cooperation".

Additionally, the cooperation phrase cannot be isolated from the rest of the agreement. Within the same paragraph, the agreement links Kelly's "cooperation" to the "substantial assistance" requirement. The agreement states that if Kelly cooperates truthfully, the government will move for a downward departure *"pursuant to* 18 U.S.C. § 3553(e) and Guideline Section 5K1.1." (R. at 12, ¶ 3 (emphasis added).) Guideline section 5K1.1 requires the government to state in its motion that the defendant has provided substantial assistance. Moreover, at paragraph 12, the plea agreement specifically states that the mandatory minimum sentence will apply "absent a downward departure for substantial assistance." (R. at 14, ¶ 12.) Thus, the agreement requires "cooperation" that amounts to "substantial assistance." Although not artfully drafted, the clear import of the language in the plea agreement viewed in its entirety is that Kelly was required to cooperate to the level of rendering substantial assistance before the government's obligation to move for a downward departure would arise.[3]

---

3. After oral arguments, Kelly submitted an additional case citation pursuant to Federal Rule of Appellate Procedure 28(j). *See United States v. De La Fuente*, 8 F.3d 1333 (9th Cir.1993). We find this case to be distinguishable from Kelly's.

In *De La Fuente*, the Ninth Circuit affirmed a district court's resentencing of De La Fuente below the statutory minimum absent a government motion where the district court found that the government breached a plea agreement by

█ Kelly argues in the alternative that the plea agreement is ambiguous because "cooperation" is not clearly defined. Although the cooperation phrase might be somewhat ambiguous if viewed in blinder-imposed isolation, as Kelly would have us do, we find that any ambiguity in the definition of cooperation is not dispositive. In an analogous situation, we have said that "[i]t is irrelevant that the paragraph may be in certain respects ambiguous as long as it is not ambiguous on the issue of whether the government committed itself to file a § 3553(e) motion." *Coleman*, 895 F.2d at 506. Here, there is no such ambiguity. The government did not unequivocally or unconditionally commit itself to file a downward departure motion in this case. To the contrary, the decision of whether or not to file a downward departure motion remained in the sole discretion of the government: "The defendant understands that the government, not the Court, will decide whether the defendant has cooperated sufficiently to warrant a motion for downward departure." (R. at 12, ¶ 3.)

█ The plea agreement in this case is quite similar to the language of the agreement in *United States v. Romsey*, 975 F.2d 556, 557 (8th Cir.1992). There the defendant agreed " 'to fully and completely cooperate' in the government's investigation of drug trafficking." *Id.* The government promised to advise the court of any substantial assistance provided by Romsey but reserved the discretion to determine whether or not to make a motion for downward departure. *Id.*

This court held that the "carefully-worded plea agreement preserved the government's discretion not to file a substantial assistance motion." *Id.* at 558. In this case, as in *Romsey*, the plea agreement was carefully worded with respect to the government's reservation of discretion. The government expressly conditioned its obligation to file a motion for downward departure on the government's discretionary assessment of whether or not the defendant had provided substantial assistance or cooperation.[4] Consequently, we find that the government did not breach the plea agreement.

█ A motion for downward departure by the defendant is precluded by the well-settled rule that the court is without authority to grant a downward departure for substantial assistance absent a government motion. *See Wade v. United States*, —— U.S. ——, —— – ——, 112 S.Ct. 1840, 1843–44, 118 L.Ed.2d 524 (1992) (involving both § 3553(e) and U.S.S.G. § 5K1.1); *United States v. Rodriguez–Morales*, 958 F.2d 1441, 1447 (8th Cir.) (a separate § 3553(e) motion by government is needed to depart below statutory minimum), *cert. denied*, —— U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992); *United States v. Kelley*, 956 F.2d 748 (8th Cir.1992) (en banc) (a U.S.S.G. § 5K1.1 motion by the government is needed to depart below a Guidelines range). Some limited exceptions to this rule exist, providing that relief may be granted absent a government substantial assistance motion if a defendant shows that the government's refusal to make

---

refusing to file a motion for downward departure. 8 F.3d at 1341. The case is distinguishable from Kelly's for in *De La Fuente*, the plea agreement was found to be ambiguous because it did not specifically address the possibility of a substantial assistance departure motion. *Id.* at 1339. Also, the district court made a specific finding that the defendant had cooperated but received nothing for his cooperation. *Id.* In Kelly's case, the agreement expressly referred to the Guideline section which requires the government to state that the defendant has provided substantial assistance in its downward departure motion, and the district court found that there was no evidence demonstrating that the government was irrational in finding that Kelly had not cooperated substantially enough to warrant a downward departure motion. (Sent. Tr. at 18–19, Apr. 27, 1993.) For these reasons, we do not find *De La Fuente* to be persuasive authority.

4. Kelly also urges us to follow *United States v. Hernandez*, 996 F.2d 62 (5th Cir.1993). In *Hernandez*, the government conceded that the written terms of the plea agreement had been orally amended to provide that if Hernandez provided substantial assistance, the government may make a motion for downward departure. 996 F.2d at 63. The Fifth Circuit held that the agreement was ambiguous as to what constituted substantial assistance and as to the meaning of the term "may" in the agreement, and the court remanded the case for additional findings. *Id.* at 66. We find no ambiguity in the agreement before us with regard to the government's reservation of discretion to determine whether to make the downward departure motion. Therefore, we decline to follow *Hernandez*.

the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith. *See Wade,* —— U.S. at —— , 112 S.Ct. at 1844; *United States v. Lewis,* 3 F.3d 252, 255 (8th Cir.1993). However, a defendant is not even entitled to discovery or a hearing on such allegations until the defendant makes "a substantial threshold showing." *Wade,* —— U.S. at —— , 112 S.Ct. at 1844.

■■■ Kelly does not contend that the government harbored an unconstitutional motive or that the government acted in bad faith. (*See* Sent.Tr. at 7–15, Apr. 27, 1993.) Further, we cannot say that the refusal was irrational. At the sentencing hearing, the government explained its refusal to file the motion as follows:

> Your Honor, I think the government's position is set forth in our previous papers. I can tell the Court I was present for one of the briefings of Mr. Kelly and that, I'm not going to go into the content of it because I feel it was off the record, and I shouldn't say anything that would be using it against him, but the fact of the matter is, we did give [Kelly] numerous opportunities to provide honest, truthful information to us, and as noted in my position paper, substantial assistance was not forthcoming. . . .

(*Id.* at 17–18.) The government's response and supplemental response to Kelly's motion for a downward departure indicated that "the defendant had not provided any cooperation that would warrant a downward departure." (Gov't's Response to Def.'s Mot. for Downward Departure, Oct. 23, 1992.) Apparently, Kelly's cooperation amounted to little more than naming one person involved in drug trafficking, and he gave no information to aid in locating that person. (*See* Gov't's Supplemental Response to Def.'s Mot. for Downward Departure, Oct. 28, 1992.) The government also listed some specific instances where Kelly was "unable or unwilling" to cooperate. (*Id.*) The government demonstrated that although Kelly had originally confessed to being involved in drug trafficking for two years and had a record of drug convictions in 1990 and 1991, he told the government, while supposedly "cooperating"

under the agreement, that he had only been involved for seven months. (*Id.*) Given the inconsistencies in Kelly's statements, it is not irrational or unreasonable for the government to believe that Kelly was unwilling, rather than unable, to provide more information.

At the sentencing hearing, the district court told Kelly:

> You thought that you would cooperate, and you believe that you did, but the United States has said that you did not. I will tell you that there is no empirical evidence on which I could find that the government is wrong, or that the government willfully has withheld any kind of motion. And there is no empirical evidence that your cooperation has produced anything.

(Sent. Tr. at 18–19, Apr. 27, 1993.) After considering the record, we find that the government's refusal to move for a downward departure was not irrational and that the district court did not err in refusing to grant Kelly's motion for downward departure.

■■■ Alternatively, Kelly asks that we allow him to withdraw his plea under Federal Rule of Criminal Procedure 32(d) based upon the government's failure to file a motion for downward departure. Rule 32(d) states:

> If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea *upon a showing by the defendant of any fair and just reason.* At any later time, a plea may be set aside only on a direct appeal or by motion under 28 U.S.C. § 2255.

(emphasis added). "The burden of establishing a fair and just reason is on the defendant." *United States v. Thompson,* 906 F.2d 1292, 1298 (8th Cir.) (citing *United States v. Dixon,* 784 F.2d 855, 856 (8th Cir.1986)), *cert. denied,* 498 U.S. 989, 111 S.Ct. 530, 112 L.Ed.2d 540 (1990). We have found that while the "fair and just" standard is a liberal standard, it does not create an automatic right to withdraw a plea. *Thompson,* 906 F.2d at 1298 (plea is a solemn act and should not be disregarded because of belated misgivings about its wisdom); *United States v. Boone,* 869 F.2d 1089, 1091 (8th Cir.1989)

(noting there is no absolute right to withdraw plea). The determination of whether to grant a motion to withdraw a plea is within the discretion of the trial court. *United States v. Jagim,* 978 F.2d 1032, 1036 (8th Cir.1992); *Boone,* 869 F.2d at 1091.

The district court found that Kelly entered into a knowing plea and there was no basis on which to allow Kelly to withdraw his plea. (Sent. Tr. at 19–20, Apr. 27, 1993.) We agree. Having found that the government did not breach the plea agreement and did not unconstitutionally withhold the motion, we cannot find that the district court abused its discretion in refusing to allow Kelly to withdraw his plea.

### III.

We conclude that the government did not breach the plea agreement and that the district court did not err in refusing to grant Kelly's request for a downward departure in the absence of a government motion for downward departure. Additionally, the district court did not abuse its discretion in refusing to allow Kelly to withdraw his plea. Accordingly, we affirm the judgment of the district court.