32 F.3d 571
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Brian RICHMAN, Appellant.
 No. 94-1872.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 4, 1994.
Filed: August 16, 1994.
 
 Before MAGILL, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Brian Richman appeals the sentence imposed on him by the district court[1] after he pleaded guilty to possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1), (b)(1)(A)(viii), and using a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1). We affirm.
 
 
 2
 Richman's plea agreement provided that the government would move for a downward departure under U.S.S.G. Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e) in return for Richman's cooperation and substantial assistance; the agreement also provided that the government was not required to accept Richman's cooperation or assistance, and that the decision whether and how to use any such cooperation or information was left to the government's sole discretion. The government ultimately chose not to move for departure. Richman had not provided substantial assistance, and the district court sentenced him to 180 months in prison and five years supervised release.
 
 
 3
 On appeal, Richman argues that the government abused its discretion in not moving for a downward departure, and therefore the district court erred in refusing to compel the government to make a departure motion. However, like the defendant in United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992), Richman's request for relief is based solely on his perception as to the quality of the assistance he provided the government. Therefore, he has failed to make a "substantial threshold showing" that the government's refusal to make a downward departure motion was based upon an unconstitutional motive. Wade v. United States, 112 S. Ct. 1840, 1844 (1992).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri