UNITED STATES of America,
Plaintiff–Appellee,

v.

Lori Kay STOCKDALL, Defendant–
Appellant,

UNITED STATES of America,
Plaintiff–Appellee,

v.

Floyd Eugene STOCKDALL,
Defendant–Appellant.

Nos. 93–4089, 93–4094.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 8, 1994.

Decided Feb. 1, 1995.

Ronald I. Meshbesher of Minneapolis, MN, argued (Jack S. Nordby, on the brief), for appellant Lori Kay Stockdall.

Thomas G. Kiederling, Des Moines, IA, argued, for appellant, Floyd Eugene Stockdall.

Gary L. Hayward, Asst. U.S. Atty., argued, for appellee.

Before McMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Lori Kay Stockdall and Floyd E. Stockdall appeal their sentences for multiple drug, firearm, and money laundering offenses. They contend that the government violated their plea agreements and exceeded its authority under 18 U.S.C. § 3553(e) by limiting substantial assistance motions to fewer than all applicable mandatory minimum sentences. We reject the Stockdalls' principal contentions but conclude that the government may have exceeded its authority under § 3553(e) by basing its motions on factors other than the Stockdalls' substantial assistance. Accordingly, we remand for further proceedings.

## I.

In April 1992, the Stockdalls pleaded guilty to a variety of offenses requiring multiple mandatory minimum prison sentences—twenty years for engaging in a continuing criminal enterprise, ten years for possession with intent to distribute and conspiracy to manufacture methamphetamine, and five consecutive years for use of a firearm during a drug trafficking crime. *See* 21 U.S.C. §§ 841(b)(1)(A), 848(a), 18 U.S.C. § 924(c)(1). Pursuant to Fed.R.Crim.P. 11(e)(1)(C), each plea agreement recited that a term of twenty years in prison plus a consecutive five years for the firearm count "is the appropriate disposition of this case."[1] Each agreement also stated that the defendant would "cooperate fully with the United States in its investigation into the trafficking of controlled substances," and that the government retained discretion to move to reduce the agreed sentences if it later determined that the defendant's cooperation amounted to substantial assistance. At the change-of-plea hearing, the prosecutor described this provision as "the standard paragraphs with relation to substantial assistance.... [W]e make no guarantees as to filing a motion for substantial assistance." Before the guilty pleas were accepted, the Stockdalls stated that they understood they were agreeing to twenty-five

year prison sentences and that the government had made no promises outside of their plea agreements.

The Stockdalls' sentencing was then continued for eighteen months while they assisted the government in its investigation and prosecution of several methamphetamine traffickers. In November 1993, the government filed substantial assistance motions under both 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1. For Lori Stockdall, the government recommended reducing the mandatory minimum for engaging in a continuing criminal enterprise from twenty years to ten years. For Floyd Stockdall, the government recommended reducing the mandatory minimum for the firearm offense from five years to thirty months. When the district court asked for clarification, the government explained that it was not filing § 3553(e) motions to reduce the ten-year and five-year mandatory minimums applicable to Lori's drug and firearm offenses, or the twenty-year mandatory minimum applicable to Floyd's continuing criminal enterprise conviction.

The Stockdalls then moved to specifically enforce their plea agreements, arguing that they had construed the agreements and the prosecutor's statements regarding the substantial assistance provisions as requiring that any § 3553(e) motion the government elected to file would apply to all applicable mandatory minimum sentences. After an evidentiary hearing at which all counsel and the Stockdalls testified, the district court found (i) that both Stockdalls provided substantial assistance but Lori's assistance was greater than Floyd's; (ii) that the plea agreements unambiguously leave the filing of substantial assistance motions to the sole discretion of the government; (iii) that there was no express agreement that a § 3553(e) motion would apply to all mandatory minimums; and (iv) "that the government has fulfilled its obligations under the plea agreements."

---

**1.** The Stockdalls' presentence reports subsequently recommended Guidelines sentencing ranges of 292–365 months (base offense level 40 and Criminal History Category I) plus the mandatory sixty months for use of a firearm. At sentencing, the district court eliminated the two-level enhancement for obstruction of justice, producing Guidelines ranges of 235–293 months plus sixty months for use of a firearm. These Guidelines ranges are not relevant on appeal.

The court also concluded that the government has the legal authority to file a § 3553(e) motion with respect to some but not all applicable mandatory minimums, and that a sentencing court may not go below a mandatory minimum for which no motion has been filed. Based upon these findings and conclusions, the court sentenced Lori Stockdall to fifteen years in prison, as recommended by the government—ten years for the controlled substances offenses and a consecutive five years for the firearm offense. It sentenced Floyd Stockdall to 246 months in prison—240 months for the continuing criminal enterprise and controlled substance offenses, and a consecutive six months, rather than the thirty months recommended by the government, for the firearm offense. The Stockdalls appeal these sentences, challenging the government's failure to address its § 3553(e) motions to all applicable mandatory minimum sentences.

## II.

■ A sentencing court may not grant a downward departure for substantial assistance absent a motion by the government. *See United States v. Kelly,* 18 F.3d 612, 617 (8th Cir.1994); *United States v. Coleman,* 895 F.2d 501, 504 (8th Cir.1990). In this circuit, the government must file a substantial assistance motion under § 3553(e) to permit the sentencing court to depart from an applicable mandatory minimum sentence; a government substantial assistance motion under U.S.S.G. § 5K1.1 permits a departure only from the Guidelines sentencing range. *See United States v. Rodriguez–Morales,* 958 F.2d 1441 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 375, 121 L.Ed.2d 287 (1992).[2]

In this case, the Stockdalls' plea agreements recited that the government may file a § 3553(e) substantial assistance motion. Each agreement contained language preserving the government's discretion whether to file such a motion:

VI. SUBSTANTIAL ASSISTANCE

2. Judge Heaney dissented in *Rodriguez–Morales,* and other circuits have held to the contrary. *See United States v. Wills,* 35 F.3d 1192, 1194–95 (7th Cir.1994). As a panel, we are compelled to follow *Rodriguez–Morales. See United States v.*

If, in the sole judgment and at the sole discretion of the United States the cooperation results in "substantial assistance," then an appropriate motion may, in the sole judgment of the United States, be filed pursuant to Federal Rule of Criminal Procedure 35(b) and Title 18, United States Code, section 3553(e).

We have frequently enforced comparable provisions in accordance with their explicit terms. *See, e.g., Kelly,* 18 F.3d at 617. For each defendant, the government then filed a § 3553(e) motion limited to only one applicable mandatory minimum sentence: for Lori, the twenty-year continuing criminal enterprise minimum; and for Floyd, the five-year firearm minimum. The issue is whether the government may so limit its § 3553(e) motions; the parties refer us to no case that has considered this issue.

### A.

■ The Stockdalls first argue that they are entitled to specific performance of their understanding of the plea agreements, based upon the government's failure to advise them that it might limit any § 3553(e) motion it elected to file. They argue that their reasonable understanding of the plea agreements must control, citing the discussion in *United States v. De La Fuente,* 8 F.3d 1333, 1337–39 (9th Cir.1993). The government responds that it retained full discretion to file substantial assistance motions. The district court found that the plea agreements clearly and unambiguously left this question to the government's sole discretion, and that there was no contrary agreement outside of those agreements.

The district court's findings are not clearly erroneous. We have previously limited *De La Fuente* to its facts, *see Kelly,* 18 F.3d at 616–17 n. 3, and we again decline to adopt its broad language. The plea agreements in this case are silent on the precise question at issue. "[B]ecause of the extraordinary nature of the relief provided by § 3553(e) and

*Womack,* 985 F.2d 395, 399 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 276, 126 L.Ed.2d 227 (1993). *Rodriguez–Morales* influences but does not control our resolution of the issues raised by this appeal.

the clear dictate that the government must first file a motion before the court may depart, no defendant could reasonably read a plea agreement to bind the government to file a § 3553(e) motion absent an explicit promise to do so." *United States v. Coleman*, 895 F.2d 501, 506 (8th Cir.1990). Likewise, absent a specific promise, no defendant could reasonably assume that the government would necessarily file the most generous possible § 3553(e) motion. Given the Stockdalls' unambiguous agreement that the government would have complete discretion in making substantial assistance motions, reinforced by their admissions at the change-of-plea hearing, we conclude that their guilty pleas could not reasonably have been based upon an understanding that the government would only file "all or nothing" § 3553(e) motions.

### B.

■ The Stockdalls next argue that, as a matter of law, the government may not limit a substantial assistance motion under § 3553(e) to certain mandatory minimum sentences. This is a question of statutory construction. The statute provides, "[u]pon motion by the government, the court shall have the authority to impose *a sentence* below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance." (Emphasis added.) The issue before us is whether the term "a sentence" in § 3553(e) refers to each offense of conviction when multiple mandatory minimums are involved, or to the total sentence imposed by reason of the conviction.

Although the word "sentence" is not defined in Chapter 227 of the Criminal Code, which relates generally to sentencing, numerous provisions in that Chapter make it clear that "a sentence" is imposed for each offense of conviction. *See* 18 U.S.C. §§ 3551(a), 3553(a), 3561(a), 3571(a), 3581(a), and, in particular, 3584. Likewise, the Guidelines recognize that each offense in a multicount conviction receives a separate sentence, even though many counts may be grouped or sentenced concurrently in determining the total Guidelines prison sentence. *See* U.S.S.G. §§ 3D1.1, 5G1.2. Thus, we conclude that the plain language of § 3553(e) authorizes the government to make a separate substantial assistance motion decision for each mandatory minimum sentence to which a defendant is subject.

That is the end of this part of our inquiry—the statute plainly confers the authority the government has exercised in this case. In addition, we are skeptical of the contrary policy assertion that this additional prosecutorial flexibility will "allow the government to control the extent of the sentencing departure." *United States v. Ah–Kai*, 951 F.2d 490, 494 (2d Cir.1991). Although the government will be able to reduce the district court's departure discretion for defendants subject to multiple mandatory minimums by limiting its § 3553(e) motions, that flexibility may encourage the government to file limited substantial assistance motions in close cases. And for those mandatory minimums included in a government substantial assistance motion under § 3553(e), "the sole power to reduce the sentence and to determine the extent of any reduction rests with the court." *United States v. Emanuel*, 734 F.Supp. 877, 878 (S.D.Iowa 1990). *See United States v. Pippin*, 903 F.2d 1478, 1485 (11th Cir.1990) (Henley, J.); U.S.S.G. § 5K2.0, p.s.

Finally, the Stockdalls argue that the government limited its § 3553(e) motions for invalid reasons. "Relief may be granted absent a government substantial assistance motion if a defendant shows that the government's refusal to make the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith." *Kelly*, 18 F.3d at 617–18; *see also Wade v. United States*, —— U.S. ——, ——, 112 S.Ct. 1840, 1842, 118 L.Ed.2d 524 (1992).

In this case, the government asserts that its § 3553(e) motions reflected the differential assistance that Floyd and Lori Stockdall provided. That is consistent with the statute. However, the government's statements at the evidentiary hearing suggest that its motions were limited in scope at least in part for a different reason—to reduce the district court's discretion to depart from the government's notion of the appropriate total sentences:

The Court: Is this effort to structure the 35[5]3 motion, if there are counts available to do it, a method or manner by which the [U.S. Attorney's office] attempts to retain control over the sentences imposed or degree of reduction that will be imposed?

[Assistant U.S. Attorney] Kayser: To the degree that, yes, if multiple counts are available, then the [prosecutor], we feel, has a method of structuring a motion to accomplish that purpose.

Section 3553(e) permits the government to file a motion "so as to reflect a defendant's substantial assistance." The statute was enacted to enhance federal law enforcement by "provid[ing] our United States Attorneys with the authority they need to obtain cooperation and information from drug dealers." 132 Cong.Rec. 21964 (1986) (Statement of Sen. D'Amato). It was not intended to grant prosecutors a general power to control the length of sentences. As the government has itself argued in another case, "only factors relating to a defendant's cooperation should influence the extent of a departure for providing substantial assistance under § 3553(e)." *United States v. Thomas,* 930 F.2d 526, 529 (7th Cir.), *cert. denied,* 502 U.S. 857, 112 S.Ct. 171, 116 L.Ed.2d 134 (1991).

■ Sentencing is "primarily a judicial function." *Mistretta v. United States,* 488 U.S. 361, 390, 109 S.Ct. 647, 664, 102 L.Ed.2d 714 (1989). The prosecutor's role in this aspect of sentencing is limited to determining whether the defendant has provided substantial assistance with respect to "a sentence," advising the sentencing court as to the extent of that assistance, and recommending a substantial assistance departure. *See* U.S.S.G. § 5K1.1 & comment. (n. 3). The desire to dictate the length of a defendant's sentence for reasons other than his or her substantial assistance is not a permissible basis for exercising the government's power under § 3553(e).

In most cases, there is no "substantial threshold showing" of an improper use of a § 3553(e) motion and therefore no basis even to inquire into the government's motives. *See Wade,* —— U.S. at ——, 112 S.Ct. at 1844. Here, on the other hand, the prosecutor's own statements at an evidentiary hearing held to consider a possible violation of the plea agreements raise a serious question regarding the government's compliance with § 3553(e). Because the separation of powers concerns underlying this issue are important, we will remand the case to permit the government either to file new § 3553(e) motions or to provide satisfactory assurance to the district court that its prior motions were based solely upon its evaluation of the Stockdalls' respective substantial assistance.[3]

The judgment of the district court is reversed and the case is remanded for further proceedings consistent with this opinion.

---

**3.** At sentencing, the district court cautioned defendants that while it could not go below mandatory minimums for which no § 3553(e) motion had been filed, "I don't want you going off thinking that I'm here quite happy to come in with a much, much, much lower sentence if I only had the authority to do so." We remand because the government may have exceeded its authority under § 3553(e). We do not imply any criticism of the district court's exercise of its departure discretion under § 3553(e).