54 F.3d 775
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
O'Dell SMITH, Defendant-Appellant.
 No. 94-6867.
 United States Court of Appeals, Fourth Circuit.
 Submitted: February 21, 1995.
Decided: May 19, 1995.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. W. Earl Britt, District Judge. (CR-93-3-BR; CA-94-32-9-BR)
 O'Dell Smith, Appellant Pro Se. Robert Edward Skiver, Assistant United States Attorney, Raleigh, NC, for Appellee.
 E.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the denial of his motion for relief from the judgment of the district court denying his habeas corpus petition. For the reasons that follow, we affirm.
 
 
 2
 * O'Dell Smith pled guilty to a two-count Criminal Information that charged him with possession with intent to distribute crack cocaine (count one), and carrying a firearm during and in relation to a crime of violence (count two). In the plea agreement, the Government agreed
 
 
 3
 [t]hat it will make known to the Court at sentencing the full extent of the Defendant's cooperation, including whether the Government deems the Defendant to have substantially assisted authorities, but the Government is not promising to move for departure pursuant to 18 U.S.C. Sec. 3553(e) or U.S.S.G. Sec. 5K1.1.
 
 
 4
 At Smith's sentencing hearing, his counsel summarized the extent of Smith's cooperation. However, the Government, while not disputing defense counsel's statement or objecting to a sentence at the low end of the guideline range, made no affirmative statement regarding Smith's assistance. Smith was sentenced to 120 months imprisonment, the minimum sentence in the applicable guideline range.*
 
 
 5
 Smith did not appeal his sentence. Instead, he filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28
 
 
 6
 U.S.C. Sec. 2255 (1988). He objected to his sentence on the ground that "[t]he United States violated the terms of Petitioner's plea agreement by its failure to move the Court for a downward sentence departure. "
 
 
 7
 The Government filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment. The district court denied the motion to dismiss and granted the motion for summary judgment. Smith then submitted a motion for relief from judgment pursuant to Fed.R.Civ.P. 60(b), based on a reiteration of his substantive arguments and the following two procedural grounds: (1) failure to provide Smith with notice of the Court's intention to grant summary judgment as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), and (2) inadvertent failure of the Government to timely serve Smith with a complete copy of its motion. Together with his Rule 60(b) motion, Smith filed his reply to the Government's summary judgment motion.
 
 
 8
 The district court, after considering Smith's submissions, denied Smith's Rule 60(b) motion and reaffirmed its earlier order denying Smith's Sec. 2255 motion. Smith filed a notice of appeal on July 18, timely contesting both orders of the district court.
 
 II
 
 9
 A district court's denial of a Rule 60(b) motion is reviewed for abuse of discretion. Werner v. Carbo, 731 F.2d 204, 206 (4th Cir.1984). With his Rule 60(b) motion, Smith submitted the materials that he claims he was denied the opportunity to present in opposition to the Government's motion. These materials were considered by the district court before it denied his Rule 60(b) motion and reaffirmed the grant of summary judgment. Therefore, if the district court properly found, on review of Smith's submissions, that summary judgment should still have been granted to the Government, then the procedural errors, if any, were harmless. Accordingly, with regard to Smith's appeal of the denial of his Rule 60(b) motion, we review whether, when Smith's submissions in opposition are considered, the district court's grant of summary judgment was proper. Our review of Smith's appeal of the grant of summary judgment itself naturally implicates the identical issues.
 
 III
 
 10
 As a general matter, the government has the power, but not the duty, to make a motion for a downward departure under United States Sentencing Commission, Guidelines Manual, Sec. 5K1.1 (Nov.1993). In other words, absent an explicit or implicit promise, no amount of "substantial assistance" obligates the government to make the motion. United States v. Dixon, 998 F.2d 228, 230 (4th Cir.1993).
 
 
 11
 Smith's carefully-worded plea agreement is not ambiguous. The decision of whether to file a downward departure motion remained in the sole discretion of the Government. Under such circumstances, the Government did not breach the plea agreement by failing to move for downward departure. See, e.g., United States v. Wallace, 22 F.3d 84, 87 (4th Cir.), cert. denied, 63 U.S.L.W. 3266 (U.S.1994); United States v. Kelly, 18 F.3d 612, 617 (8th Cir.1994).
 
 
 12
 However, the Government did unambiguously promise to "make known to the Court at sentencing the full extent of the Defendant's cooperation, including whether the Government deems the Defendant to have substantially assisted authorities." At no point during the sentencing hearing did the Government discuss Smith's cooperation, substantial assistance, or lack thereof. The Government promised to "deem," one way or the other, whether Smith provided substantial assistance. Its failure to do so breached the plea agreement. Dixon, 998 F.2d at 231.
 
 
 13
 We find, however, that the insignificance of the Government's breach, under the circumstances of this case, warrant the application of the harmless error doctrine. Under the Guidelines, Smith received the lightest sentence available absent a motion for downward departure. Therefore, any breach of the plea agreement was merely technical and could not have resulted in a more severe sentence.
 
 
 14
 Smith's contention that, had the Government satisfied the requirements of the plea agreement, the sentencing court could have granted a downward departure even in the absence of a motion by the Government is incorrect. In the absence of a government motion, a sentencing court may not grant a downward departure for "substantial assistance" unless (1) the government has obligated itself in a plea agreement to move for such a departure, or (2) in the absence of such an obligation, it is shown that the government's refusal or failure to so move was "based on an unconstitutional motive." Wade v. United States, 60 U.S.L.W. 4389, 4390 (U.S.1992). In addition, the court's refusal to grant a downward departure for reasons not accounted for in the guidelines is not reviewable unless the court did not know it could depart, which is not the case here. See United States v. Bayerle, 898 F.2d 28 (4th Cir.), cert. denied, 498 U.S. 819 (1990).
 
 
 15
 Here, as discussed above, there was no enforceable obligation to move for a downward departure; the Government's refusal was purely discretionary. Further, Smith has not alleged that the discretionary refusal was unconstitutionally motivated. Therefore, the sentencing court lacked the authority to, sua sponte, grant a downward departure. See Wallace, 22 F.3d at 87. Because remand for resentencing would not result in a lower sentence, any breach of the plea agreement was harmless error.
 
 
 16
 Consideration of Smith's submissions in opposition to summary judgment does not show that the district court grant of summary judgment was erroneous. Therefore, any procedural defect, preventing Smith from submitting such opposition, was harmless error, and the district court did not abuse its discretion in denying Smith's Rule 60(b) motion.
 
 
 17
 Accordingly, both orders of the district court are affirmed, and Smith's motions for appointment of counsel and permission to supplement the record are denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Without objection by Smith, the sentencing court adopted the factual findings and guideline range in the presentence report. The court determined that the total offense level was twenty-five and the criminal history category was I, yielding a guideline range of sixty to seventy-one months on count one. Smith was sentenced to sixty months on count one and a five year mandatory consecutive sentence of sixty months on count two