68 F.3d 479
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Jose J. PADILLA, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 95-1282.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 3, 1995.
Filed: Oct. 6, 1995.
 
 Before McMILLIAN, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jose J. Padilla appeals from the final order entered in the district court[1] denying his 28 U.S.C. Sec. 2255 motion. We affirm.
 
 
 2
 Following Padilla's indictment for various drug offenses, he entered into a plea agreement with the government which, in part, provided as follows:
 
 
 3
 In exchange for [Padilla's] agreement to cooperate and testify truthfully ... the Government reserves the right to move for a downward departure pursuant to 5K1.1 and 18 U.S.C. Sec. 3553(e), if the Government, in its sole discretion, determines that [Padilla's] cooperation is complete, truthful, and of
 
 
 4
 substantial assistance in the prosecution or investigation of others.
 
 
 5
 Pursuant to the plea agreement, Padilla pleaded guilty to the drug offenses. At sentencing, the government did not move for a downward departure and the district court sentenced Padilla to concurrent sentences of 168 months of imprisonment followed by five years of supervised release.
 
 
 6
 In his section 2255 motion, Padilla alleged that he was denied due process because the government breached the express terms of the plea agreement by not making a substantial-assistance motion, and that he was denied effective assistance because trial counsel did not cause the government to fulfill the terms of the breached plea agreement. The district court denied Padilla's motion without requesting a response from the government or conducting an evidentiary hearing.
 
 
 7
 We will affirm the summary dismissal of a section 2255 motion if, after de novo review, we are convinced that the motion along with the files and records of the case conclusively show that the movant is not entitled to relief. Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir.1992). Because the issue of procedural default has never been raised, we will address the merits of Padilla's claims. See Davis v. United States, 972 F.2d 227, 228 n.2 (8th Cir.1992), cert. denied, 113 S. Ct. 1360 (1993).
 
 
 8
 On appeal, Padilla asserts that the government breached the express terms of the plea agreement. Although an express promise to file a motion for a downward departure under sections 3553(e) or 5K1.1 is binding on the government, see United States v. Coleman, 895 F.2d 501, 506 (8th Cir.1990), we conclude the district court correctly determined that the plea agreement contained no such promise; the plain language of the agreement unequivocally vested the government with the sole discretion to determine whether or not to file a departure motion. See United States v. Kelly, 18 F.3d 612, 617 (8th Cir.1994).
 
 
 9
 Padilla also argues that the government withheld the motion in bad faith. Even assuming this issue was presented below, we find Padilla has failed to make a substantial threshold showing to challenge the government's discretionary decision. See United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir.1992); cf. Kelly, 18 F.3d at 617-18 (district court can grant downward departure based on substantial assistance if defendant shows government withheld motion in bad faith).
 
 
 10
 We conclude that Padilla's claims did not warrant an evidentiary hearing, see Wade v. United States, 112 S. Ct. 1840, 1844 (1992), and that he was not entitled to withdraw his guilty plea, see Fed. R. Crim. P. 32(d). We also conclude that Padilla has failed to show how he was denied effective assistance and that his allegations of bias on the part of Judge Wright are baseless. We deny Padilla's motion for appointment of counsel.
 
 
 11
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri