# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1920NE

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District |
| Isidro Perez-Coronel, also known as | * | of Nebraska. |
| Isidro Perez, also known as Isidro | * | |
| Coronel, also known as Isidro Coronel- | * | [UNPUBLISHED] |
| Perez, also known as Rico, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 23, 1998
Filed: October 28, 1998

_____

Before FAGG, ROSS, and BEAM, Circuit Judges.

_____

PER CURIAM.

Isidro Perez-Coronel was indicted for conspiracy to distribute methamphetamine. See 21 U.S.C. § 846 (1994). After the district court denied Perez-Coronel's motion to dismiss the indictment, Perez-Coronel entered an unconditional guilty plea. The district judge accepted Perez-Coronel's guilty plea and deferred acceptance of the plea agreement until sentencing. The plea agreement stated the Government would file a motion requesting a downward departure from the Sentencing Guidelines only if the Government determined Perez-Coronel had provided substantial assistance in the

investigation or prosecution of others. When the Government refused to file a motion for downward departure, Perez-Coronel moved to withdraw his guilty plea. The district court also denied this motion.

Perez-Coronel first contends the district court committed error in denying his motion to dismiss the indictment because Hispanics were unconstitutionally underrepresented on the grand jury and because the grand jury selection process systematically excludes Hispanics. Perez-Coronel waived this argument by entering an unconditional guilty plea after the district court denied his motion to dismiss. See United States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir. 1994). Even if we were to consider the merits of Perez-Coronel's challenge to the District of Nebraska's grand jury selection process, that challenge is foreclosed by this Court's recent decision in United States v. Sanchez, No. 97-4217, 1998 WL 661197, at *7-9 (8th Cir. Sept. 28, 1998).

Perez-Coronel also contends the district court committed error by denying his motion to withdraw his guilty plea after the Government refused to file a motion for downward departure. Contrary to Perez-Coronel's contention that the Government acted in bad faith, the plea agreement did not require that the Government file a motion for downward departure unless the Government decided Perez-Coronel provided substantial assistance in the investigation or prosecution of others. Having reviewed the record, we agree with the district court that Perez-Coronel was not entitled to relief on his motion to withdraw his guilty plea because Perez-Coronel failed to make the required substantial threshold showing of prosecutorial discrimination or irrational conduct. See Wade v. United States, 504 U.S. 181, 185-87 (1992); United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994); United States v. Romsey, 975 F.2d 556, 557-58 (8th Cir. 1992). Thus, the district court did not abuse its discretion in refusing Perez-Coronel's request to withdraw his guilty plea. See Kelly, 18 F.3d at 618-19.

We find no reversible error and affirm without further discussion.

A true copy.

Attest:

               CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.