# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3529

_____

United States of America,      *

          Appellee,      *

     v.

Michael Alan Swafford,

          Appellant.

* Appeal from the United States
* District Court for the
* Northern District of Iowa

*     [UNPUBLISHED]

_____

Submitted: May 3, 1999

Filed: June 7, 1999

_____

Before McMILLIAN, BRIGHT, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Pursuant to a written plea agreement, Michael Alan Swafford pleaded guilty to conspiring to distribute and to possess with intent to distribute 100 grams or more of actual methamphetamine and 1,000 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. The district court[1] sentenced him to 120 months imprisonment and five years supervised release. On appeal, counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738

_____

[1] The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

(1967), and although we granted Swafford permission to file a pro se supplemental brief, he has not done so. For the reasons stated below, we affirm.

The sole issue raised in the Anders brief is whether the government breached the plea agreement by refusing to move for downward departure under 18 U.S.C. § 3553(e). This argument fails because the plea agreement unambiguously vested sole discretion in the government whether to make a § 3553(e) motion. See United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994) (finding government did not breach plea agreement to move for downward departure because government did not unequivocally or unconditionally commit itself to file motion); United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992) (carefully-worded plea agreement preserved government's discretion not to file substantial-assistance motion). Swafford does not argue that the government's refusal was based on an unconstitutional motive or was irrational.

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no other nonfrivolous issues. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.