# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-4507
_____

United States of America

*Plaintiff - Appellee*

v.

Gary Lynn Sanders

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: July 19, 2017
Filed: July 24, 2017
[Unpublished]
_____

Before WOLLMAN, LOKEN, and BENTON, Circuit Judges.
_____

PER CURIAM.

In this direct criminal appeal, Gary Sanders challenges the sentence the district court[1] imposed after he pleaded guilty to drug charges, pursuant to a written plea

---

[1]The Honorable Kristine G. Baker, United States District Judge for the Eastern District of Arkansas.

agreement. His counsel has moved to withdraw and submitted a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), raising the issue that the government breached the plea agreement by not agreeing to a sentence below the statutory minimum, and therefore invalidated the appeal waiver; and that the sentence was unreasonable.

We conclude that the appeal waiver is enforceable, because our review of the record demonstrates that the government did not breach the plea agreement, as it did not promise to move for a sentence below the statutory minimum, <u>see</u> <u>United States v. Kelly</u>, 18 F.3d 612, 615, 617 (8th Cir. 1994); Sanders entered into the plea agreement and the appeal waiver knowingly and voluntarily, <u>see</u> <u>Nguyen v. United States</u>, 114 F.3d 699, 703 (8th Cir. 1997); the argument falls within the scope of the waiver; and no miscarriage of justice would result from enforcing the waiver, <u>see</u> <u>United States v. Scott</u>, 627 F.3d 702, 704 (8th Cir. 2010) (de novo review); <u>United States v. Andis</u>, 333 F.3d 886, 890-92 (8th Cir. 2003) (en banc). Furthermore, we have independently reviewed the record under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no non-frivolous issues for appeal outside the scope of the waiver.

Accordingly, we grant counsel's motion, and we dismiss this appeal.

_____