# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2548

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Derek Doucette Vernon, also known as | * | |
| T, also known as Teeth, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 9, 1999

Filed: August 23, 1999

_____

Before MCMILLIAN, LAY, and MURPHY, Circuit Judges.

_____

LAY, Circuit Judge.

Derek Doucette Vernon pled guilty to a one count information charging him with conspiracy to possess with intent to distribute either cocaine powder or cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. The plea agreement provided that the government would move for a downward departure if the United States Attorney decided that Vernon had provided "substantial assistance" pursuant to United States

Sentencing Guidelines § 5K1.1 and 18 U.S.C. § 3553(e).[1]  The government filed a downward departure motion for substantial assistance under U.S.S.G. § 5K1.1,[2] but not pursuant to 18 U.S.C. § 3553(e).[3]  Vernon moved the district court to compel the government to file the downward departure motion under the statute.  The district court denied the motion to compel and sentenced Vernon to 120 months imprisonment, the statutory minimum.  Vernon appeals, claiming that the district court erred in failing to

---

[1]The substantial assistance section of the plea agreement provided:

Should Defendant fully comply with all the terms and conditions of this agreement and the United States Attorney concludes he has provided substantial assistance in the investigation or prosecution of one or more other persons who have committed an offense, the United States shall file a motion with the sentencing Court requesting the Court to depart from the sentencing guidelines in its sentencing.  Such motion may be made pursuant to Title 18, United States Code, Section 3553(e) and Section 5K1.1 of the United States Sentencing Commission Guidelines.

[2]The relevant language under U.S.S.G § 5K1.1 provides:

**Substantial Assistance to Authorities (policy statement)**

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

[3]The full text of 18 U.S.C. § 3553(e) is as follows:

**Limited authority to impose a sentence below a statutory minimum**. – Upon motion of the Government, the court shall have the authority to impose a sentence below a level established by statute as minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

compel the government to file a motion for downward departure under 18 U.S.C. § 3553(e) and in its analysis of relevant conduct under U.S.S.G. § 1B1.3(a)(1)(B). We affirm.

*Downward Departure*

There is no doubt that Vernon furnished considerable assistance to the government as evidenced by the affidavits of Leon Milton and Jeffrey Mitchell, two of Vernon's co-defendants. In their affidavits, Milton and Mitchell stated that they pled guilty "as a direct result of Mr. Vernon's agreement" to testify against them at trial and admitted that without Vernon's plea agreement they would not have entered guilty pleas. Milton Aff. ¶ 4; Mitchell Aff. ¶ 4. The government does not challenge this fact and recognized it by filing a motion for downward departure under U.S.S.G. § 5K1.1. Vernon contends, however, that the district court erred in failing to compel the government to file a motion for downward departure under 18 U.S.C. § 3553(e).[4] We disagree.

_____

[4]Vernon also claims that the district court utilized the wrong burden of proof in denying the motion to compel the government to file a motion for downward departure pursuant to § 3553(e). In an order dated March 4, 1998, the district court stated that the burden of persuasion for the motion to compel was on the defendant. *United States v. Vernon*, No. 8: CR96-00046 (D. Neb. May 4, 1998) (order scheduling sentencing hearing). It is true that the burden of production shifts to the government to show that they did not have an impermissible or unconstitutional motive after the defendant makes a substantial threshold showing that the government acted unconstitutionally or irrationally. *See United States v. Stockdall*, 45 F.3d 1257, 1261 (8th Cir. 1995) ("Because the separation of powers concerns underlying this issue are important, we will remand the case to permit the government either to file new § 3553(e) motions or to provide satisfactory assurance to the district court that its prior motions were based solely upon its evaluation of the [defendants'] respective substantial assistance."). The burden of persuasion, however, remains with the defendant.

-3-

Ordinarily, the government must move for a downward departure for substantial assistance before the district court can depart on that basis. *See United States v. Stockdall*, 45 F.3d 1257, 1259 (8th Cir. 1995). There are, however, exceptions to this rule. This court has recognized "that relief may be granted absent a government substantial assistance motion if a defendant shows that the government's refusal to make the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith." *United States v. Kelly*, 18 F.3d 612, 617-18 (8th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185-86 (1992)). *See also United States v. Rounsavall*, 128 F.3d 665, 667-68 (8th Cir. 1997) (holding that "[a] defendant is entitled to an evidentiary hearing to determine whether the government acted improperly if she is able to make a substantial threshold showing that the government acted irrationally, in bad faith, or in violation of one's constitutional rights") (citation omitted). Vernon contends that this exception applies to him. Specifically, he argues that it was improper for the government to base its decision not to seek relief under the statute on the fact that he did not testify at the sentencing hearing.

We find that Vernon did not make a substantial threshold showing that the government acted unconstitutionally, irrationally, or in bad faith. His plea agreement with the government did not entitle him to refuse to testify in the sentencing proceedings. In fact, the plea agreement specifically provided, "Defendant shall truthfully testify, if subpoenaed, before the Grand Jury and/or at any trial or other court proceeding regarding any matters about which the United States Attorney's Office may request his testimony." Vernon may have been entitled to assert the privilege against self-incrimination in response to particular questions if he had testified in the sentencing hearings, but given his promise to testify against his co-defendants at any type of

proceeding, he was not entitled to assert a blanket privilege and refuse to take the stand at the sentencing hearing.[5]

Vernon's reservation in the plea agreement that he could contest the amount and the type of the drugs at sentencing does not change this outcome.[6] The transcript of the co-defendants' sentencing hearing included testimony about issues other than the weight and the identity of the drugs; it also involved evidence of the co-defendants' activities and relationships with one another, all of which would have been relevant to sentencing. The reservation Vernon made in his plea agreement would not have covered the latter testimony, and therefore, the government legitimately considered his refusal to adhere to the terms of his agreement and testify against his co-defendants "at any trial or other court proceeding" in assessing the quality of his assistance.

Furthermore, Vernon gave the government the discretion in the plea agreement to evaluate whether the level of his assistance merited a statutory departure. It is well-settled in this circuit that the government is not required to file a statutory departure motion every time it files for a downward departure from the guidelines. *See e.g., United States v. Polanco*, 53 F.3d 893, 896 (8th Cir. 1995). Vernon failed to make a threshold showing that the government acted unconstitutionally in refusing to move for

---

[5]While the prosecution cannot call defendants to the stand during their own trials, in other circumstances the Fifth Amendment privilege must be invoked in response to specific questions or requested documents. *See, e.g., In re Matter of Grand Jury Subpoena*, 739 F.2d 1354, 1359-60 (8th Cir. 1984) (grand jury testimony); *United States v. Dick*, 694 F.2d 1117, 1119 (8th Cir. 1982) (IRS case); *see also United States v. Argomaniz*, 925 F.2d 1349, 1356 (11th Cir. 1991) (noting "blanket refusal to produce records or to testify will not support a fifth amendment claim").

[6]This portion of the plea agreement provides: "The parties acknowledge the amount and the type of controlled substance involved in this conspiracy is a determination to be made by the District Court at the time of Defendant's sentencing."

a downward departure under § 3553(e). The court may therefore not second-guess the government's determination that he failed to substantially assist it.

*Relevant Conduct*

In an order dated May 4, 1998, the district court calculated a base offense level of thirty-two based on the quantity of drugs with which Vernon was involved.[7] In so doing, the court considered two separate incidents. Vernon appeals the district court's consideration of one incident which occurred in January 1996, claiming there was insufficient proof that he was involved in the drug transaction that occurred on that date.

Notwithstanding the district court's consideration of these incidents as relevant conduct, the defendant pled guilty in the Rule 11 proceeding to conspiracy to possess with intent to distribute cocaine "in an amount exceeding 500 grams" or "50 grams or more" of cocaine base. Fifty grams of cocaine base results in a base offense level of thirty-two, which was the base offense level utilized by the district court. The court did not use Vernon's relevant conduct to increase Vernon's sentence beyond the base level to which he pled guilty. Therefore, any error that may have occurred in determining Vernon's relevant conduct was harmless.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed.

---

[7]This base offense level was reduced from 36, which was used to calculate Vernon's sentence in an earlier court order. The prior offense level was based on testimony from Kelvin Jameson which was later determined to be unreliable.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.