# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1427

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Eastern |
| v. | * | District of Missouri. |
| | * | |
| Donald C. Moore, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 15, 2000

Filed: November 22, 2000

_____

Before BOWMAN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

Donald C. Moore pleaded guilty to conspiracy to manufacture over 1000 grams of methamphetamine. The plea agreement provided:

> If the defendant provides assistance to the Government in its ongoing narcotic investigation, the Government, at or near the time of sentencing, will advise the court of any assistance provided by the defendant. The Government, at or near the time of sentencing, will also determine whether the defendant's assistance has been so substantial as to warrant the filing of a motion for downward departure under Section 5K1.1 of the

Guidelines and Title 18, United States Code, Section 3553. The defendant understands that the Government may, but is not required to, make such a downward departure motion. The defendant also understands that the decision whether to file a motion for downward departure shall be in the sole discretion of the Government. In the event the Government files a motion for downward departure . . . the parties agree and stipulate that a sentence of 72 months would be appropriate in this matter.

After Moore helped the Government, the Government filed a motion under U.S.S.G. § 5K1.1, which permitted the court to depart from the minimum Guidelines sentence of 151 months. The Government did not file a motion under 18 U.S.C. § 3553(e), which would have allowed the court to impose a sentence below the statutory minimum of 120 months, however, because the Government did not deem Moore's assistance to be substantial enough to warrant the additional departure. At sentencing, Moore asked the district court to enforce the plea agreement and compel the Government to file a § 3553(e) motion. The Government responded that it believed Moore had not been fully truthful in providing information, his grand jury testimony had been incomplete, and Moore had diminished his usefulness as a Government witness by using and manufacturing methamphetamine while free on bond, and smuggling methamphetamine into his drug treatment facility. The district court denied Moore's request and sentenced him to 120 months in prison.

On appeal, Moore argues the plea agreement requires the Government to file a § 3553(e) motion, and thus the district court should have compelled performance of the plea agreement. We disagree. Although the plea agreement states the Government may file a motion under § 5K1.1 and § 3553(e), we recently rejected the argument Moore raises in a case involving similar plea agreement language. See United States v. Vernon, 187 F.3d 884, 885-87 & n.1 (8th Cir. 1999) ("motion may be made pursuant to . . . Section 3553(e) and Section 5K1.1"). The plea agreement here reserves the Government's "sole discretion" to evaluate whether the level of Moore's assistance

merited a departure under § 3553(e).  See id. at 887; United States v. Kelly, 18 F.3d 612, 617 (8th Cir. 1994).  The Government need not file a § 3553(e) motion every time it files a § 5K1.1 motion.  See Vernon, 187 F.3d at 887.  Moore failed to make a substantial threshold showing that the Government acted irrationally in refusing to make a § 3553(e) motion.  See id.; Kelly, 18 F.3d at 618.

We conclude the Government did not breach the plea agreement, and thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.