# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1292

_____

United States of America,        *
                                 *

        Appellee,           *

                                 *   Appeal from the United States

      v.                  *   District Court for the

                                 *   Northern District of Iowa.

Ismael Guzman-Fregoso, also known  *

as Chi-Chi,                *         **[UNPUBLISHED]**

                                 *

        Appellant.       *

_____

Submitted:  November 7, 2001
Filed:  November 16, 2001

_____

Before BOWMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

After Ismael Guzman-Fregoso pleaded guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, the district court[1] sentenced him to 270 months in prison and 5 years supervised release. On appeal, counsel moved to withdraw under Anders v. California, 386 U.S. 738 (1967), and filed a brief arguing that the United States breached a promise to file a motion for downward departure for substantial assistance. Guzman-Fregoso filed

_____

[1] The HONORABLE MARK W. BENNETT, Chief Judge, United States District Court for the Northern District of Iowa.

a pro se supplemental brief arguing that his plea was unknowing and involuntary because he was induced to plead guilty by the government's promise to make such a motion, and that his counsel was ineffective. We reject these arguments and affirm.

The plea agreement clearly preserved the government's discretion to determine whether Guzman-Fregoso provided substantial assistance, see United States v. Romsey, 975 F.2d 556, 558 (8th Cir. 1992), and he did not attempt to show the government's refusal was made in bad faith, was irrational, or was based on an unconstitutional motive, see Wade v. United States, 504 U.S. 181, 185-86 (1992). In addition, Guzman-Fregoso gave assurances under oath at his plea hearing that he understood the government had discretion in determining whether to make a departure motion. His failure to attempt to withdraw his guilty plea precludes him from challenging its voluntariness on appeal. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990). Guzman-Fregoso's ineffective-assistance claims are more appropriately presented in a 28 U.S.C. § 2255 proceeding. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995).

Finally, following our independent review in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.